**Larry MOORE, Appellant**

v.

**James A. COLLINS, Appellee.**

**No. 01–94–00628–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 6, 1995.

Larry Moore, Angleton, pro se.

Before O'CONNOR, HUTSON–DUNN and WILSON, JJ.

## OPINION

O'CONNOR, Justice.

Larry Moore, an inmate, filed suit pro se *in forma pauperis* against the appellee, James Collins, the executive director of the Texas Department of Criminal Justice (TDCJ), for not responding to his request under the Open Records Act.[1] The trial court, without a hearing, dismissed the case

1. TEX.GOV'T CODE ANN. § 552.001 (Vernon 1994).

as frivolous under TEX.CIV.PRAC. & REM.CODE § 13.001 (Vernon Supp.1994). We affirm.

## Facts

On February 9, 1994, Moore sent a letter to Collins asking for a copy of a report the TDCJ is required to make by TEX.HEALTH & SAFETY CODE § 614.015 (Vernon Supp.1995). Under TEX.HEALTH & SAFETY CODE § 614.015, the TDCJ, along with other state agencies, is required to:

(a) ... [A]dopt a memorandum of understanding that establishes their respective responsibilities to institute a continuity of care and service program for offenders in the criminal justice system who are physically disabled, terminally ill, or significantly ill....

(b) The memorandum of understanding must establish methods for:

(1) identifying offenders in the criminal justice system who are physically disabled, terminally ill, or significantly ill;

(2) developing interagency rules, policies, and procedures for the coordination of care of and the exchange of information on offenders who are physically disabled, terminally ill, or significantly ill ...; and

(3) identifying the services needed by offenders who are physically disabled, terminally ill, or significantly ill to reenter the community successfully.

Moore requested the report under the authority of the Open Records Act. TEX.GOV'T CODE § 552.221 (Vernon 1994). A month later, when he had received no response from Collins, Moore filed suit, along with a motion and affidavit to proceed *in forma pauperis*. In his petition, Moore contended Collins was negligent in (1) not producing the requested document within a reasonable amount of time, or (2) not responding to Moore's request telling him the document was not available. Moore asked for both punitive and compensatory damages for the deprivation of his rights. The trial court referred the suit to a master. After receiving the master's recommendations, the court

dismissed the suit. The suit was dismissed before an answer was filed.

### Open Records Act

█ The Open Records Act requires officers for public records to produce public records upon request. Tex.Gov't Code § 552.221(a). If the information is not available because it is in active use or in storage, the officer must certify that the record is unavailable and set a date and time within which the record will be available for inspection. *Id.* § 552.221(b). The chief administrative officer of a governmental body is considered the officer for public records. Tex. Gov't Code § 552.201(a). Here, Collins was required by statute to respond to Moore's request either by presenting him with the report for copying or by informing him that the report was in active use or in storage. The policy of the Open Records Act is to provide access of public information to citizens.

> [I]t is the policy of this state that each person is entitled, unless otherwise expressly provided by law, at all times to complete information about the affairs of government and the official acts of public officials and employees.

Tex.Gov't Code § 552.001. There is a strong policy in Texas in favor of open records.

### Dismissal of Moore's Suit

In his sole point on appeal, Moore contends the trial court abused its discretion in dismissing his case because it was not frivolous and he had an arguable basis in law. We disagree.

█ The trial court has broad discretion to determine whether to dismiss a suit under Tex.Civ.Prac. & Rem.Code § 13.001. *Brown v. Lynaugh*, 817 S.W.2d 813, 815 (Tex.App.—Houston [1st Dist.] 1991, no writ). A court may dismiss an action if: (1) the allegation of poverty in the affidavit is false; or (2) the action is frivolous or malicious. Tex.Civ. Prac. & Rem.Code § 13.001(a) (Vernon Supp. 1995). To determine whether an action is frivolous or malicious, the court may consider whether (1) the action's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or fact; or (3) it is clear that the party cannot prove a set of facts in support of the claim. Tex.Civ.Prac. & Rem.Code § 13.001(b) (Vernon Supp.1995).

The Supreme Court and this Court have held that the second factor (section 13.001(b)(2)), is the one we must consider—whether there is an arguable basis in law or in fact. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706 (Tex.1990); *Brown*, 817 S.W.2d at 814–15. Without a hearing on factual issues, the only possible reason for the trial court's dismissal is that there was no basis in law for the suit. *Hector v. Thaler*, 862 S.W.2d 176, 178 (Tex.App.—Houston [1st Dist.] 1993, no writ).

### Suit for Writ of Mandamus

█ The Open Records Act permits a person who is not able to obtain public records after making a proper request to file a suit for writ of mandamus to compel the production of the records. Tex.Gov't Code § 552.321 (Vernon 1994); *City of Houston v. Houston Chronicle Pub. Co.*, 673 S.W.2d 316, 319 (Tex.App.—Houston [1st Dist.] 1984, no writ); *see also Texas Dept. of Public Safety v. Gilbreath*, 842 S.W.2d 408, 413–14 (Tex. App.—Austin 1992, no writ). Moore did not file a suit for a writ of mandamus; instead, he filed the suit "under the doctrine of common-law negligence."

█ To compel the production of documents under the Open Records Act, Moore should have filed a suit for writ of mandamus as permitted by Tex.Gov't Code § 552.321. The failure to file the properly designated pleading is not, in itself, fatal to Moore's suit.

### Moore's Request for Relief

█ Rule 71, Tex.R.Civ.P., provides that "[w]hen a party has mistakenly designated any ... pleading, the court ... shall treat the ... pleading as if it had been properly designated." When a pleading is mistakenly designated, we look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of THE title given to it. *See Speer v. Stover*, 685 S.W.2d 22, 23 (Tex.1985) (plea in abatement was actually plea to the jurisdiction); *Davis v.*

*Mathis,* 846 S.W.2d 84, 89 (Tex.App.—Dallas 1992, no writ); *Law v. Law,* 792 S.W.2d 150, 152 (Tex.App.—Houston [1st Dist.] 1990, writ denied).

Moore requested the following types of relief:

1.  Punitive and exemplary damages of $1,000 per day for each day of deprivation of rights
2.  Compensatory damages of $1,000 per day for each day of deprivation of rights
3.  That the record be turned over to the Brazoria County Grand Jury for criminal prosecution under TEX.PENAL CODE § 39.021, for denial of Prisoner's Civil Rights and all other criminal charges that may be found
4.  Any and all other relief to which Moore is entitled

■ Regarding Moore's claim for compensatory and punitive damages, nothing in the Open Records Act permits punitive or compensatory damages for failure to turn over public records. The only monetary reward for a successful litigant is reimbursement for cost of litigation and reasonable attorney fees under TEX.GOV'T CODE § 552.323 (Vernon 1994).

■ Regarding Moore's request to refer the matter to the local district attorney for prosecution, nothing in the Open Records Act suggests that a criminal action may be filed against a public official for failing to timely respond to a request for public records. The only criminal sanctions available are for the destruction, removal, or alteration of public records documents under TEX.GOV'T CODE § 552.351 (Vernon 1994), the distribution of confidential information under TEX. GOV'T CODE § 552.352 (Vernon 1994), or denying access to public records in a criminally negligent manner. TEX.GOV'T CODE § 552.353 (Vernon 1994).

■ Regarding Moore's prayer for "any and all other relief to which he is or may be entitled," the only type of relief to which he is entitled is the production of the records themselves. Moore made no such request for relief anywhere in his petition.

Moore's general prayer for other relief did not enlarge his allegations for damages to include the request for the production of the documents. *See Richardson v. First Nat'l Life Ins. Co.,* 419 S.W.2d 836, 839 (Tex.1967). A general request for damages authorizes the trial court to enter only a judgment for relief within the court's jurisdiction, which is justified by the proof, and is consistent with the claims asserted in the petition. *Kissman v. Bendix Home Sys., Inc.,* 587 S.W.2d 675, 677 (Tex.1979); *see also Stoner v. Thompson,* 578 S.W.2d 679, 683–84 (Tex.1979).

To compel the production of documents under the Open Records Act, Moore should have filed a suit for writ of mandamus as permitted by TEX.GOV'T CODE § 552.321, and asked for the proper relief—production of the documents.

### Moore's Suit for Negligence

■ Moore sued Collins for common-law negligence. The doctrine of official immunity protects public officials while performing discretionary (but not ministerial) duties. *Kassen v. Hatley,* 887 S.W.2d 4, 12 n. 8 (Tex.1994); *City of Lancaster v. Chambers,* 883 S.W.2d 650, 653–54 (Tex.1994). Discretionary acts are those that require personal deliberation, decision, and judgment. *City of Lancaster,* 883 S.W.2d at 654. Ministerial acts are those that the law requires to be performed and that the law defines with such precision and certainty that no decision is left to the official's discretion or judgment. *Id.* If the action involves the performance of a duty to which the official has no choice, it is ministerial. *Id.*

■ The language of the Open Records Act does not vest the custodian of records with the discretion to choose whether to comply with requests for access to public records. Instead, officers in charge of public records must make them available upon request. TEX.GOV.CODE § 552.221 (Vernon 1994). Collins had a ministerial (not discretionary) duty to provide the records. Thus, Collins is not entitled to official immunity.

■ That does not end the inquiry. Ministerial conduct is not actionable as such. It can be. When an official, in the performance

of a ministerial duty, commits a tort, he is personally responsible for the tort to the same extent as a person who holds no governmental position. *Baker v. Story,* 621 S.W.2d 639, 645 (Tex.App.—San Antonio 1981, writ ref'd n.r.e.); *see* W. Page Keeton et al., PROSSER & KEETON ON THE LAW OF TORTS § 132 at 1060, 5th ed. 1984.

The issue here is whether Collins committed a tort in the performance of his ministerial duties. A tort is a breach of some duty, other than a contractual or quasi-contractual duty, which gives rise to an action for damages. PROSSER AND KEETON, § 1, at 1 n. 2.[2] A wrong is called a tort only if the harm that has resulted is capable of being compensated in an action at law for damages. *Id.* at 4.

Moore describes his injury as the "deprivation of the state-vested liberty interest created by the Texas Open Records Act." The aggregate of (1) Collin's failure to provide the record, (2) Moore's injury, and (3) Moore's damages do not amount to a tort. The Open Records Act does not contemplate the award of damages for an officer's non-compliance with the act. *See* TEX.GOV.CODE. § 552.323 (Vernon 1994) (allowing the award of costs and attorney fees in certain circumstances).

Moore's remedy is to compel the production of the records through the procedural device of a suit for writ of mandamus. TEX. GOV'T CODE § 552.321. For these reasons, Moore's claim of common-law negligence is without merit.

We find that Moore's claim has no basis in law. We hold the trial court did not abuse its discretion in dismissing the case. We overrule Moore's point of error and affirm.

**2.** Note that Prosser admits that no satisfactory definition of a tort is yet to be found.