In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-06-00019-CR
______________________________


MASON P. JAMES, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 93-0183 B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION
          Mason P. James appeals from the denial of his motion for DNA testing. James was
convicted in 1994 of murder based on his plea of guilty, supported by his confession to the
crime. 
          On December 7, 2001, James filed a request with the trial court that counsel be
appointed to assist him in pursuing his motion for DNA testing, and on April 10, 2002, the
court appointed Terry Cox. The State responded—evidently deeming that motion to be a
motion for DNA testing—on June 25, 2003. A year later, after two letters were written by
James, Cox wrote James, informing him that Cox did not represent him and that Kevin
McCarter did represent him. The record, however, does not show that McCarter was ever
appointed and McCarter has made no appearance in this case. In a February 11, 2005,
letter James inquired of the trial court as to who did represent him. There is no indication
of any response. In March 2003, James sent to the trial court an additional inquiry
concerning his "DNA testing," and another such inquiry in June 2003. On November 30,
2005, the trial court entered findings of fact and conclusions of law, and denied the request
for DNA testing. Thereafter, the court appointed an attorney who now represents James
on appeal. 
          James contends the trial court erred by rendering the order against him while he
was unrepresented by counsel, by denying his request when there was no motion or
affidavit filed requesting DNA testing, and that he has, in any event, met his burden to
show that he is entitled to DNA testing. We overrule these contentions and affirm the trial
court's order.
          In the current version of the statute requiring appointment of counsel, the Texas
Legislature has mandated that a trial court provide court-appointed counsel to an applicant
pursuing post-conviction DNA testing, but only if, among other things, the trial court finds
reasonable  grounds  for  the  application  to  be  filed.  Tex.  Code  Crim.  Proc.  Ann.  art.
64.01(c) (Vernon Supp. 2006); Winters v. Presiding Judge of Criminal Dist. Court No.
Three of Tarrant County, 118 S.W.3d 773, 775 (Tex. Crim. App. 2003) (orig. proceeding);
James v. State, No. 06-06-00038-CR, 2006 WL 1649034 (Tex. App.—Texarkana June 16,
2006, no pet.) (mem. op.) (not designated for publication).
          However, when the order appointing counsel was signed in this case, in early 2002,
a different statute was in place, one that simply required the court, on request, to appoint
counsel for an indigent seeking DNA testing.


 Thus, the record shows that the trial court
did appoint counsel as required by the rule then in effect.
          In our review of the documents in this record, we start from the premise that courts
must read a pleading for its content rather than its label. See generally Tex. R. Civ. P. 71; 
State Bar of Tex. v. Heard, 603 S.W.2d 829 (Tex. 1980); Moore v. Collins, 897 S.W.2d 496
(Tex. App.—Houston [1st Dist.] 1995, no writ). Although the request for appointment of
counsel cannot be read as a motion for DNA testing, James' communication to the court's
clerk in March 2003, can be understood as such.


 That communication reads as follows: 
"I have a DNA testing in your county of Harrison now pending. Please give me any
information that would inform me about my court schedule." Even though the
communication was not accompanied by the required affidavit, the State did not object and
had already filed a response. The trial court considered the matter on its merits. Under
these circumstances, we cannot say the trial court erred in doing so. 
          James also contends the trial court erred by denying DNA testing. However, the
court found that James had not met the precondition of showing that identity "was or is an
issue in the case." See Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(B) (Vernon Supp.
2006). The record shows James had pled guilty and confessed to the commission of the
crime. We recognize that the Texas Court of Criminal Appeals has held that, where the
movant had confessed to the murder, identity is not at issue. Bell v. State, 90 S.W.3d 301,
308 (Tex. Crim. App. 2002). The contentions of error are overruled.
 
 
 
          We affirm the trial court's order denying DNA testing.
 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      May 19, 2006
Date Decided:         August 30, 2006

Do Not Publish