The CITY OF HOUSTON, Appellant

v.

Randall KALLINEN, Appellee

NO. 01–12–00050–CV

Court of Appeals of Texas,
Houston (1st Dist.).

Opinion issued February 28, 2017

Donna L. Edmundson, City Attorney, Judith L. Ramsey, Chief, General Litigation Section, Fernando De Leon, Senior Assistant City Attorney, Houston, TX, for Appellant.

Joseph R. Larsen, SEDGWICK, LLP, David A. Furlow, Houston, TX, for Appellee.

Panel consists of Justices Bland, Brown, and Lloyd.

## OPINION ON REHEARING

Jane Bland, Justice

In this appeal, we determine whether the City of Houston must pay attorney's fees to compensate a citizen who pursued and won access to information under the Texas Public Information Act. Invoking the PIA, Randall Kallinen asked the City of Houston to disclose information regarding a traffic-light camera study that the City had commissioned. The City granted part of the request, but it withheld some documents while it sought an opinion from the Attorney General about whether the withheld documents were subject to disclosure. *See* TEX. GOV'T CODE ANN. § 552.306(a) (West 2015) (giving Attorney General 45 business days after request to issue opinion).

Before the Attorney General ruled, Kallinen sued for mandamus relief, asking the trial court to order disclosure of the withheld documents. The City filed a plea to the jurisdiction, contending that the trial court lacked jurisdiction until the Attorney General ruled. The trial court overruled the City's plea, granted Kallinen's motion for summary judgment, ordered disclosure of many of the withheld documents, and awarded Kallinen attorney's fees. The City appealed.

This court agreed with the City's argument that court intervention was prema-

ture given that the Attorney General had not made a determination, and dismissed Kallinen's suit for lack of jurisdiction. The Texas Supreme Court reversed that ruling and remanded the case to our court to address the remaining issues in the City's appeal. *See Kallinen v. City of Houston,* 462 S.W.3d 25, 29 (Tex. 2015) (per curiam) (*Kallinen I* ).

On remand, the parties provided supplemental briefing. In that briefing, the City contends that: (1) the case was moot before the trial court entered its order and thus it does not owe attorney's fees; (2) Kallinen's claims are barred by governmental immunity; and (3) the trial court abused its discretion in awarding attorney's fees.

After we issued our opinion on remand, the City moved for rehearing. We deny the motion for rehearing, withdraw our opinion and judgment, and issue this opinion and judgment in their stead.

## BACKGROUND

In its order determining liability under the PIA, the trial court ruled that the City had refused to release documents sought in the lawsuit that were public information not subject to any exception from disclosure under the PIA. It further found that the City's withholding of those documents had necessitated the mandamus suit that Kallinen and Paul Kubosh, who at the time was also a plaintiff in the suit, had substantially prevailed, entitling them to an award of reasonable attorney's fees and costs. The trial court then set the fee issue for trial.

The court held a full-day trial on the issue of Kubosh and Kallinen's reasonable attorney's fees. Kubosh and Kallinen filed their closing arguments and a supplemental brief, including counsel's supplemental affidavit on fees incurred through the bench trial.

After post-trial briefing, the trial court signed an amended final judgment, modifying its earlier judgment to reflect that it dismissed Kubosh's claims for lack of standing. Kubosh does not appeal that ruling. The trial court also issued findings of fact and conclusions of law, reiterating its findings that Kallinen had "substantially prevailed" in his mandamus action under the PIA and that the evidence supported an award to Kallinen of reasonable and necessary attorney's fees of $92,176, plus conditional appellate fees. The amended final judgment includes the Bates-labeled documents that the court ordered produced as "public information and not subject to an exception under the Act." The amended judgment recited that the City "had refused to release this information."

## DISCUSSION

**I. Compliance with the trial court's judgment compelling disclosure did not moot Kallinen's claim for attorney's fees.**

■ In its supplemental brief after remand, the City maintains for the first time that Kallinen's attorney's fee claim became moot because the City voluntarily provided Kallinen with the documents it had withheld after the trial court ordered it to, before the trial court signed its amended final judgment awarding fees. Kallinen responds that the City did not act voluntarily in producing the documents, but rather in compliance with the trial court's order, that the court's order was incorporated into an amended final judgment from which the City appealed, and the City has maintained that it has no obligation to disclose the documents under the PIA. Thus, Kallinen further responds, the remaining fee claim presents a continuing live controversy, which the trial court properly resolved.

Whether a claim is moot turns on whether a justiciable controversy exists to resolve. A justiciable controversy between the parties must exist at every stage of the legal proceedings, including the appeal, or the case is moot. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). If a controversy ceases to exist or the parties lack a legally cognizable interest in the outcome, then the case becomes moot. *Id.* The same is true if a judgment would not have any practical legal effect upon a then-existing controversy. *Zipp v. Wuemling*, 218 S.W.3d 71, 73 (Tex. 2007). A case is not moot, however, if some issue remains in controversy. *In re Gruebel*, 153 S.W.3d 686, 689 (Tex. App.–Tyler 2005, orig. proceeding).

The City's belated argument that it complied with the trial court's order to disclose the withheld documents did not end the parties' dispute: the City continued to challenge the trial court's ruling through a plea to the jurisdiction, a challenge that ended with the Supreme Court's ultimate rejection of the City's position. *See Kallinen I*, 462 S.W.3d at 29. We presume the City prosecuted the case on appeal before this court and defended its position in the Texas Supreme Court in good faith. *See Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012).

The continuation of the controversy is demonstrated by the City's conduct during the course of this litigation. *Cf. Miga v. Jensen*, 96 S.W.3d 207, 212 (Tex. 2002) ("[P]ayment on a judgment will not moot an appeal of that judgment if the judgment debtor clearly expresses an intent . . . to exercise his right of appeal and appellate relief is not futile."). The City appealed the trial court's judgment in this case, challenging the trial court's jurisdiction to compel production of the documents. After prevailing in the court of appeals, the City defended its position in the Texas Supreme Court. The Texas Supreme Court did not decline to rule for lack of jurisdiction based on the absence of controversy under the PIA, and the City did not ask the Court to so decline. *See Kallinen I*, 462 S.W.3d at 27 ("The parties agree that the only basis for the trial court's jurisdiction is Section 552.321(a) of the PIA."). Neither the trial court's final judgment nor the City's notice of appeal reflects an agreement by the City to release the documents to Kallinen.[1] To the contrary, the City has vigorously prosecuted its position that the trial court lacked the jurisdiction to adjudicate Kallinen's public information suit in the first place—and, concomitantly, the authority to order the documents' release.

On rehearing, the City contends that the Texas Supreme Court's decision in *Intercontinental Group Partnership v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 652 (Tex. 2009), dictates a holding that this case is moot. In *KB*, however, the issue was not one of justiciability or mootness, but of the right to recover under a contract—a justiciable issued presented to, and decided by, the Texas Supreme Court. *See id.* The Supreme Court did not determine that compliance with a trial court order mooted the controversy. *See id.* Rather, the Court interpreted a "prevailing party" contract provision, and it concluded that one party did not prevail under the agreement when the jury found breach of the contract but awarded no damages. *See id.* Drawing from cases construing "prevailing party" as used in state and

---

1. Under the rule enunciated in *In re Dallas Area Rapid Transit*, 967 S.W.2d 358 (Tex. 1998), the City could have withheld the documents while it pursued its appeal, but chose not to do so. *See id.* at 359 (holding that governmental body's notice of appeal superseded judgment compelling production of documents under Chapter 552 without need to post security).

federal statutes, the Court held that KB was not entitled to jury fees because it had not secured either a damages award or equitable relief. *Id.* at 658.

The City imports *KB*'s language that a plaintiff does not "prevail" for purposes of qualifying for a fee award unless it obtains "relief on the merits" of a claim "that materially alters the relationship between the parties." *Id.* at 653. The City notes that it is the "judgment [and not preliminary rulings or findings] that is critical to the prevailing-party determination." *Id.* at 654, 656. But the City tacitly concedes that Kallinen obtained the statutory relief he sought through court order. The final judgment reiterates this relief—the compelled disclosure of documents that had been withheld short of court intervention, and the attorney's fees expended in obtaining this relief.

Section 552.323(a) provides that a trial court "shall assess costs of litigation and reasonable attorney fees incurred by a plaintiff who substantially prevails" under the PIA. *See* Tex. Gov't Code Ann. § 552.323(a). Disclosure is what a plaintiff suing under the PIA seeks. When that disclosure is compelled by the court and incorporated into a final judgment, the plaintiff has obtained relief.

The City challenges both whether Kallinen has "substantially prevailed" and the reasonableness of the fee awarded. Under analogous circumstances, the Texas Supreme Court has held that a controversy remained justiciable. *See Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 643 (Tex. 2005) ("Hallman's remaining interest in obtaining attorney's fees 'breathes life' into this appeal and prevents it from being moot."). *KB* thus informs the issue whether a fee award is appropriate, not whether the issue has become moot.

The City also points to *Texas State Board Of Veterinary Examiners v. Giggle-* *man*, 408 S.W.3d 696 (Tex. App.–Austin 2013, no pet.), in which the Austin Court of Appeals determined a claim under the PIA to be moot when the government complied with an interlocutory order. In that case, the Texas Veterinary Board refused to provide Dr. Giggleman with a copy of the exhibits that had accompanied a complaint filed against him. *See* 408 S.W.3d at 698–99. *Id.* The trial court signed an interlocutory summary judgment that ordered the Board to release the documents to Giggleman. *Id.* at 700. Before the trial court had ruled on Giggleman's attorney's fee claim, the Board produced the documents it had withheld. *Id.* at 701. The Board then filed a plea to the jurisdiction, seeking dismissal of Giggleman's suit as moot. *Id.* The trial court refused to dismiss the case and awarded Dr. Giggleman his attorney's fees. *See id.* at 701–02.

The Austin Court of Appeals reversed. *Id.* at 709. It agreed with the Board that its production of the exhibits was "voluntary" and rendered the suit moot. *See id.* at 706. The court of appeals observed that the final judgment did not compel disclosure under the PIA and that, because the Board had already disclosed the exhibits, a fee claim based on "judicially sanctioned relief" did not exist. *See id.* at 703, 705 (observing that the final judgment "did not award Giggleman any relief on his mandamus claim" and that interlocutory order granting such relief was "impliedly vacated.").

In this case, in contrast, the trial court's amended final judgment: (1) ruled that the documents withheld by the City were public information not subject to an exception under the PIA; (2) compelled their disclosure; (3) declared that Kallinen was a "prevailing party" under the statute; and (4) awarded attorney's fees. The trial court made no finding that the documents had been produced, nor did it "impliedly va-

cate" its interlocutory ruling. And, for the City's part, it continued to vigorously prosecute its jurisdictional challenges both post-judgment and on appeal, which precludes any reasonable inference that it intended, by providing the documents, to end the dispute. *Compare Giggleman*, 408 S.W.3d at 701 (concluding dismissal warranted where Board produced documents, then sought dismissal of Giggleman's suit as moot) *with Miga*, 96 S.W.3d at 212 (concluding appeal was not moot where judgment debtor expressed intent to continue pursuing appeal at same time it unconditionally tendered money awarded in judgment to judgment creditor).[2]

The Supreme Court's ruling on the question of the trial court's jurisdiction settled one aspect of the City's appeal. *See Kallinen I*, 462 S.W.3d at 28–29. The City continues to claim, however, the protection of governmental immunity to challenge the trial court's award of attorney's fees to Kallinen and to contest the trial court's determination that Kallinen "substantially prevail[ed]" pursuant to section 552.323(a). These unresolved issues present a live controversy. *See Hallman*, 159 S.W.3d 640 at 643. The City's argument that is has complied with the trial court's compelled disclosure did not resolve them. To the extent that *Giggleman* holds differently, we decline to follow it. Accordingly, we hold that the controversy is not moot and consider the City's remaining jurisdictional challenges because they bear on the trial court's award of attorney's fees.

## II. The Texas Public Information Act waives the City's governmental immunity and allows for the recovery of attorney's fees against it.

■ The City further contends that it is not a proper party to this action and governmental immunity bars the assessment of attorney's fees against it. Governmental immunity protects the State from lawsuits for money damages. *Tex. Nat. Res. Conserv. Comm'n v. IT–Davy*, 74 S.W.3d 849, 853 (Tex. 2002), *quoted in Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). Political subdivisions of the state, including the City, are entitled to immunity from judgments for money damages absent express waiver of that immunity. *Reata Constr.*, 197 S.W.3d at 374.

The City contends that the PIA requires a public information officer to be named as the respondent, not the City, and thus the trial court had no jurisdiction to impose fees against it because its immunity is not waived. *See* TEX. GOV'T CODE ANN. § 552.201(b) (providing that "[e]ach elected county officer is the officer for public information and the custodian ... of the information created or received by that county officer's office"). Kallinen sued the City directly and did not individually name its public information officer. According to the City, the statutory duty to produce

---

2. Since *Giggleman* was decided, the Austin Court of Appeals has relied on it in deciding two other PIA attorney's-fee issues and the Amarillo Court of Appeals relied on *Giggleman* in deciding one. *See Tex. Dep't of Family & Protective Servs.*, No. 03-15-00631-CV, 2016 WL 3521888 (Tex. App.–Austin June 23, 2016, pet. denied); *Hudson v. Paxton*, No. 03-13-00368-CV, 2015 WL 739605 (Tex. App.–Austin Feb. 20, 2015, pet. denied); *Brazee v. City of Spur*, No. 07-12-00405-CV, 2014 WL 2810339 (Tex. App.–Amarillo 2014, no pet.). In all three instances, the governmental respondent voluntarily produced the requested documents before the trial court made any ruling on the merits of the petitioner's PIA claim, thus preventing the petitioner from attaining prevailing-party status. *See Gates*, 2016 WL 3521888 at *2–3 (granting respondent's plea to the jurisdiction); *Hudson*, 2015 WL 739605 at *1–2 (granting summary judgment in favor of respondents based on mootness); *Brazee*, 2014 WL 2810339 at *1 (issuing order denying mandamus relief).

public information for inspection belongs to the officer. *See* Tex. Gov't Code Ann. §§ 552.204, 552.221.

■ Governmental immunity bars suits for money damages asserted against the government absent express waiver. *Reata Constr.*, 197 S.W.3d at 374. A mandamus suit seeking documents under the PIA, however, is not a suit for money damages. *Moore v. Collins*, 897 S.W.2d 496, 500 (Tex. App.–Houston [1st Dist.] 1995, no writ) (declaring that "nothing in the Open Records Act permits punitive or compensatory damages for failure to turn over public records"); *see* Tex. Gov't Code Ann. § 552.321(a). Because the requested relief in this case—the production of public records—is not a claim for money damages, it is not in the first instance barred by governmental immunity.

Neither does the failure to name the public information officer individually result in governmental immunity for the City. The City relies on *AT&T Consultants, Inc. v. Sharp*, 904 S.W.2d 668 (Tex. 1995), for the proposition that the "proper party" for a section 552.321 mandamus claim is the officer for public information rather than the governmental body. *See id.* at 673. But the statute has been amended to resolve the jurisdictional problem recognized in *Sharp. See* Act of June 19, 1999, 76th R.S., ch. 1319, § 27, 1999 Tex. Gen. Laws 4511 (codified at Tex. Gov't Code. Ann. § 552.321(b)) (providing for district court jurisdiction over mandamus suit).

*Sharp* observed that the PIA "authorizes mandamus actions against a governmental body" at the same time "it imposes the duty of compliance upon the public records officer." *See* 904 S.W.2d at at 681. This anomaly, the Court observed, makes a literal application of the statute unworkable—"a governmental body has no duty to perform what a writ of mandamus would order." *Id.* In most cases, though, the Court recognized, "[t]his discrepancy can be overlooked," "and courts can treat petitions for writ of mandamus against governmental bodies and against public records officers interchangeably." *Id.*

Our sister court recognized that the City is a proper party in *City of Houston v. Houston Municipal Employee Pension System*, No. 14-15-00865-CV, 513 S.W.3d 114, 2016 WL 6886881 (Tex. App.–Houston [14th Dist.] Nov. 22, 2016, no pet. h.). The court considered and rejected the contention that the City was immune from suit because the plaintiff failed to name the proper respondent. Noting the interchangeability of the two, it concluded that "[t]he identity of the respondent in the case under review does not matter for purposes of jurisdiction; therefore, … mandamus may be sought under [the PIA] against either the City of Houston or its public information officer. *Id.* at 130–31, 2016 WL 6886881, at *11 (citing *Sharp*, 904 S.W.2d at 681).

Although the Texas Supreme Court did not squarely address the amended statute in *Kallinen I*, we note that it did not decline to decide this case as barred by governmental immunity. Instead, it noted that the PIA provided the basis for jurisdiction in the case. *See Kallinen I*, 462 S.W.3d at 28–29. The plain language of the amended mandamus statute supports the naming of a governmental body as the respondent: it declares that the requestor may file a suit under its provisions "for a writ of mandamus compelling a governmental body to make information available for public inspection if the governmental body refuses" to request an attorney general opinion or supply public information not excepted from disclosure. Tex. Gov't Code Ann. § 552.321(a).

■ Although the claim for attorney's fees is a monetary one, the PIA expressly

authorizes it. The attorney's fees provision holds the governmental body responsible for paying any award of attorney's fees and costs in a proper case. *See* TEX. GOV'T CODE ANN. § 552.323(a). Accordingly, we reject the City's contention that the PIA requires the requestor to name the public information officer as the respondent or face dismissal for lack of jurisdiction on the ground that immunity bars the claim. Thus, we turn to the merits of the City's appeal of the trial court's fee award.

## III. The trial court acted within its discretion in awarding reasonable attorney's fees based on the PIA's requirements.

### A. Standard of review

▮▮▮▮ An award of attorney's fees rests in the discretion of the trial court. *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 761 (Tex. 2012) (citing *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 881 (Tex. 1990) (per curiam)). A trial court abuses that discretion if it acts arbitrarily, unreasonably, or without regard to guiding legal principles, or if its decision is not supported by legally or factually sufficient evidence. *See Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998); *Charette v. Fitzgerald*, 213 S.W.3d 505, 512 (Tex. App.–Houston [14th Dist.] 2006, no pet.); *see also Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991) (explaining that legal and factual sufficiency of evidence are relevant factors in determining whether trial court abused its discretion). In reviewing a fee award, we consider whether the trial court (1) had sufficient evidence upon which to exercise its discretion and (2) erred in its application of that discretion. *Grotewold v. Meyer*, 457 S.W.3d 531, 533–34 (Tex. App.–Houston [1st Dist.] 2015, no pet.) (citing *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.–Dallas 2005, pet. denied)).

## B. Kallinen is a prevailing party as the statute defines one, and he adduced evidence of reasonable and necessary attorney's fees.

Section 552.323 of the Government Code provides that a plaintiff may recover attorney's fees upon a showing that he has substantially prevailed in his suit and the government did not withhold the documents in reasonable reliance on an applicable court order or published appellate opinion:

(a) In an action brought under Section 552.321 or 552.3215, the court shall assess costs of litigation and reasonable attorney fees incurred by a plaintiff who substantially prevails, except that the court may not assess those costs and fees against a governmental body if the court finds that the governmental body acted in reasonable reliance on:

 (1) a judgment or an order of a court applicable to the governmental body;

 (2) the published opinion of an appellate court; or

 (3) a written decision of the attorney general, including a decision issued under Subchapter G or an opinion issued under Section 402.042.

(b) In an action brought under Section 552.324, the court may assess costs of litigation and reasonable attorney's fees incurred by a plaintiff or defendant who substantially prevails. In exercising its discretion under this subsection, the court shall consider whether the conduct of the governmental body had a reasonable basis in law and whether the litigation was brought in good faith.

TEX. GOV'T CODE ANN. § 552.323.

▮▮▮▮ A party seeking the recovery of an attorney's fee award bears the burden of proving the amount of the fees and

their reasonableness. *See El Apple*, 370 S.W.3d at 762–63. To establish the amount of the fees, the proof should include:

(1) the nature of the work,

(2) who performed the services and their rate,

(3) approximately when the services were performed, and

(4) the number of hours worked.

*Id.* at 763. To show reasonableness, the applicant must adduce evidence according to the eight nonexclusive factors. *See id.* at 761 (first citing TEX. DISCIPLINARY R. PROF'L CONDUCT 1.04(b); and then citing *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997)). These include:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Id.*

The City contends that there is no evidence that Kallinen incurred any of the claimed fees. The City points to the law firm's invoices, which, it claims, identify Kubosh as the individual who incurred the fees and not Kallinen, the named plaintiff.

At the time the trial court held the bench trial on attorney's fees, it had not dismissed Kubosh from the case. During the trial, counsel's testimony referred to both Kallinen and Kubosh collectively as "clients." The invoices in evidence are addressed to Kubosh at his law office, but each invoice contains a reference line identifying the clients as "Kubosh, Paul and Kallinen, Randall." During the City's cross-examination of Kallinen's counsel the following exchange occurred:

Q. I believe you said your clients have paid your bill?

A. Correct.

Also, before the trial court ruled on the attorney's fee application, Kallinen's counsel submitted a supplemental affidavit in which he averred that, since the original fee application's submission, "Kallinen and Kubosh have incurred an additional $4,480 in fees ...." This is sufficient evidence to support the trial court's implicit finding that Kallinen incurred the attorney's fees.

■ The City further asserts that Kallinen's counsel failed to segregate attorney's fees incurred by Kubosh from those incurred by Kallinen. When the trial court dismissed Kubosh's claims against the City, however, it revised its fee award. Following the trial court's announcement of its ruling that Kubosh lacked standing, Kallinen and Kubosh filed a motion for reconsideration of that ruling or, in the alternative, for an amended final judgment and order reflecting Kubosh's dismissal.

The motion included a table of itemized entries from the billing records submitted at trial that, according to counsel's accompanying affidavit, related to matters solely concerning Kubosh. Counsel averred that "[a]ll other work was done jointly in connection with obtaining release of the contested documents." The table reflects that the total for time billed solely to Kubosh amounted to $3,488.00. This amount corresponds to the difference between the fee award contained in the original final judgment and the reduced fee award contained in the amended final judgment. We hold that Kallinen provided adequate evidence segregating the fees incurred in connection with his own representation from those incurred in connection with Kubosh's representation.

The City next asserts that Kallinen offered no evidence that the fees he incurred were reasonable. The reasonableness of an attorney's fee award generally presents a question of fact. *Volume Millwork, Inc. v. W. Houston Airport Corp.*, 218 S.W.3d 722, 735 (Tex. App.–Houston [1st Dist.] 2006, pet. denied). The record shows that during the day-long trial on attorney's fees, Kallinen's counsel addressed the factors to consider in awarding fees, including that

- "because these are document-intensive cases, there is a great deal of time and labor involved, particularly when you have so many documents involved and where the City is claiming privilege on all of them";
- the issues involved in determining whether the asserted privilege applies are not "novel . . ., but they are difficult to resol[ve] and require[ ] a great deal of skill";
- he has the experience, skill and background necessary to perform the legal services required of the case, including nearly 20 years of experience han-

dling public information cases, has been recognized for a high level of expertise in the area, and has spoken at legal seminars about managing public information cases; and that

- he billed at a fixed hourly rate, which was "quite a bit less than other lawyers with some law firms that do the same thing," and he identified one such lawyer whose "rates are significantly higher . . . ."

In accounting for the hours billed, Kallinen's counsel described the significant time involved in opposition to what he described as the City's dilatory tactics throughout the litigation. Kallinen offered into evidence approximately 57 pages of redacted bills detailing the services that resulted in those fees, including the type of each service performed, the amount of time expended on the service, the identity and billable rate of the person who performed it, and the date on which the service was performed. The record thus contains evidence to support the trial court's implicit finding that Kallinen's attorney's fee request was reasonable.

The City points to testimony from its own expert that disputes the reasonableness of Kallinen's attorney's fee request, contending that its expert "raised numerous fact issues regarding whether [Kallinen] satisfied [his] burden to prove that the claimed attorney fees were reasonable." This contention, however, misapprehends the nature of appellate review. None of the criticism of billing practices or legal strategies offered by the City's expert, which the City itemizes in its brief, conclusively negates the testimony and evidence supporting the award. The trial court was entitled to give more credit and weight to the testimony of Kallinen's counsel than to that of the City's expert in determining a reasonable fee award. *See City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005)

(discussing trial court's authority to resolve factual disputes during bench trial). We hold that the trial court acted within its discretion in determining the reasonable amount of attorney's fees for the services rendered.

■ Finally, the City contends that Kallinen failed to properly segregate recoverable attorney's fees from non-recoverable fees. The Texas Supreme Court has confirmed that where attorney's fees relate to a claim for which fees are not recoverable, a claimant must segregate recoverable from unrecoverable fees. *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313 (Tex. 2006). Intertwined facts do not make fees recoverable; it is only when discrete legal services advance both a recoverable and unrecoverable claim that they are so intertwined that they need not be segregated. *See id.* at 313–14.

■ According to the City, Kallinen was not entitled to recover fees incurred in connection with documents that the City disclosed, as opposed to documents which the trial court ordered disclosed. But *Chapa* requires segregation of unrecoverable claims, not documents. *See id.* The plain language of section 552.323(a) allows for a party who substantially prevails to recover attorney's fees and costs.

■ As a practical matter, counsel will spend little time on obtaining voluntarily disclosed documents; most of the time on the case is spent pursuing disclosure of the withheld documents and in recovery of the associated attorney's fees. Documents are of varying worth; in determining a reasonable fee award, a trial court may credit whether the documents it compelled to be disclosed, either standing alone or when viewed together with the remaining documents, were of any value to the fee applicant as well as focus on the overall merit of the parties' arguments for and against

disclosure. The trial court ordered the City to produce documents that it withheld, and it incorporated this order into its final judgment. It reasonably could have concluded that the Kallinen substantially prevailed by achieving their court-ordered production, and it could consider the reasonableness of the time expended by Kallinen's attorneys in obtaining them. The City has not demonstrated that the trial court abused its discretion on this basis.

With respect to the conditional award of appellate attorney's fees, Kallinen's appellate counsel provided testimony about the relevant factors used in evaluating a fee claim and an estimate of the fees associated with a successful appeal to this court and to the Texas Supreme Court. *See El Apple*, 370 S.W.3d at 764; *Sentinel Integrity Sols., Inc. v. Mistras Grp., Inc.*, 414 S.W.3d 911, 930 (Tex. App.–Houston [1st Dist.] 2013, pet. denied). On appeal, the City does not challenge the trial court's award of appellate fees.

**CONCLUSION**

We conclude that the trial court had subject-matter jurisdiction. The case did not become moot before the award of attorney's fees and the City is not immune from the fee claim against it. We further conclude that the trial court's award of attorney's fees was within its discretion. We therefore affirm the judgment of the trial court.