

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00324-CV

_____

DAVID SLOAN; FEDERAL PUBLIC DEFENDER'S OFFICE, LUBBOCK, TEXAS; GREG ABBOTT, GOVERNOR OF THE STATE OF TEXAS; KEN PAXTON, ATTORNEY GENERAL OF THE STATE OF TEXAS; STEVEN C. MCCRAW, DIRECTOR, TEXAS DEPARTMENT OF PUBLIC SAFETY; SHERIFF CLIFF HARRIS, PECOS COUNTY; PECOS COUNTY SHERIFF'S DEPARTMENT, APPELLANT

V.

JOHN ALAN CONROY, APPELLEE

_____

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2016-523,428, Honorable William C. Sowder, Presiding

_____

February 27, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Steven C. McCraw, (McCraw) Director of the Texas Department of Public Safety (DPS) appeals from the trial court's denial of a plea to the jurisdiction. Through a single issue, McCraw questions whether the trial court has subject-matter jurisdiction over John Alan Conroy's (Conroy) claims against DPS and himself. We modify the order in part and affirm as modified.

Conroy attempted to overturn his federal conviction for possessing child pornography. He believes the conviction voidable since the confession underlying it arose from the use by law enforcement officials of purportedly unlawful interrogation techniques. One or more of those law enforcement officials were employed by the DPS, according to the limited record at bar. And to prove that his allegation about his confession and the means to secure it, Conroy wants electronic recordings of the interrogation, which recordings are in the possession of the DPS.

Conroy solicited the recordings through various means, including an open records request submitted pursuant to the Texas Public Information Act (PIA). TEX. GOV'T CODE ANN. § 552.001 *et seq.* (West Supp. 2018). His request, made via his attorney, ultimately proved fruitless. McCraw requested an opinion from the Texas Attorney General (AG) regarding whether the recordings were disclosable. The AG ruled that they were not because they were confidential.

Conroy apparently deemed the AG opinion and McCraw's refusal to release the records as an impediment to his ability to attack his federal conviction through federal habeas corpus avenues. *E.g.,* 28 U.S.C. § 2254. Thus, he initiated the lawsuit from which this appeal arose. Through his live pleading, he claimed that McCraw, in his official capacity as director of the DPS, and the other individuals denied him his constitutional rights. In particular, the DPS purportedly denied him due process by refusing to release the recordings and hindering "any appellate process" available to him. This purportedly entitled him to "$20,000,000.00 in damages against Texas Department of Public Safety for the past, continuing and ongoing violations." Other relief was sought, as well. For instance, he asked for a declaration 1) clarifying "the issue as to whom a case file belongs

once representation has ended between an attorney and his client," 2) determining whether the federal public defender assigned to represent him violated disciplinary rules governing the conduct of attorneys, and 3) determining whether the withholding of the recordings "constitutes a violation under *Brady v Maryland*, 373 US 83 (1963)." Also sought was an order enforcing a discovery order issued by the federal court that adjudicated the underlying federal criminal prosecution resulting in his conviction. That discovery order purportedly encompassed the recordings at issue and obligated the United States to disclose it.

McCraw answered the petition and eventually moved for dismissal, contending that he, in his official capacity, enjoys the protection of sovereign immunity. The trial court disagreed and denied McCraw's plea to the jurisdiction of the court. It also ordered the "Texas Department of Public Safety to provide a copy of the interrogation tape in issue to the Court for an in camera inspection to determine whether the tape should then be provided to the Plaintiff in this cause."

In the words of Conroy, "[t]his case concerns a pro se inmate who filed suit against . . . McCraw, Director of the Texas Department of Public Safety, seeking (1) to judicially compel disclosure of an alleged interrogation video and (2) to obtain $20,000,000 in damages for alleged violations of his rights **under the Texas Constitution**." (Emphasis added). His claims do not implicate federal statutory or constitutional rights, only rights purportedly afforded him under the Texas Constitution.[1] This is of consequence because

---

[1] Indeed, Conroy so represented to the United State District Court when his suit was removed to federal court. As that court said in granting appellant's motion to remand: "Plaintiff's Motion states that he 'chooses to proceed under Texas State laws and statutes, not federal,' and asks the Court to find that it lacks subject-matter jurisdiction . . . The Court construes these statements, in the context of the Motion to Remand, as a voluntary waiver or dismissal of Plaintiff's federal claims." Having induced the federal court to rely upon his representation that no federal rights are implicated in his suit, he would be estopped from

3

legislative consent is needed to bring a suit for monetary damages to recompense the denial of state constitutional rights when that judgment will be paid from state coffers. *Alcorn v. Vaksman*, 877 S.W.2d 390, 404 (Tex. App.—Houston [1st Dist.] 1994, writ denied). That a plaintiff may couch his suit for monetary relief in the clothes of a declaratory action is of no consequence. *See Leach v. Tex. Tech Univ.*, 335 S.W.3d 386, 399 (Tex. App.—Amarillo 2011, pet. denied) (citing *City of El Paso v. Heinrich*, 284 S.W.3d 366, 370-71 (Tex. 2009)). Invoking the words "declaratory judgment" or § 37.001 of the Texas Civil Practice and Remedies Code, TEX. CIV. PRAC. & REM. CODE ANN. § 37.001 *et seq.* (West 2015), is not, *ipso facto*, a waiver of sovereign immunity. Here, there is no evidence that Conroy obtained legislative consent to prosecute against the DPS his claim for $20,000,000 in damages arising from the supposed denial of due process. Thus, the doctrine of sovereign immunity barred him from utilizing the trial court to pursue it.

Yet, sovereign immunity and the need to obtain legislative approval to sue does not necessarily stand as an impediment when equitable relief is sought. For instance, it "does not prohibit suits brought to require state officials to comply with statutory or constitutional provisions. *Patel v. Tex. Dep't of Licensing & Regulation.*, 469 S.W.3d 69, 76 (Tex. 2015). Via the doctrine of ultra vires, one can sue a state official in his official capacity for failing to perform a purely ministerial act. *Id.* Though the governmental entity itself remains immune, the official does not because unlawful acts of the official are not acts of the governmental entity. *Id.*

_____

asserting otherwise now. *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 643 (Tex. 2009) (stating that a litigant is estopped from taking inconsistent positions to obtain an unfair advantage).

Compliance with the PIA constitutes a ministerial act. That is, a custodian of records does not have the discretion to choose whether to heed its dictates. *Moore v. Collins*, 897 S.W.2d 496, 500 (Tex. App.—Houston [1st Dist.] 1995, no writ) (stating that a custodian of records has no discretion to comply with requests for access to public records). More importantly, a request for the production of records per that statute is not a claim for money damages; so, it is not barred by governmental immunity. *City of Houston v. Kallinen*, 516 S.W.3d 617, 625 (Tex. App.—Houston [1st Dist.] 2017, no pet); *accord B.W.B. v. Eanes Indep. Sch. Dist.*, No. 03-16-00710-CV, 2018 Tex. App. LEXIS 223, at *9-10 (Tex. App.—Austin Jan. 10, 2018, no pet.) (mem. op.) (noting that courts have held that § 552.321 of the PIA waives governmental immunity); *see* TEX. GOV'T CODE ANN. § 552.321(a) (stating that a "[a] requestor or the attorney general may file suit for a writ of mandamus compelling a governmental body to make information available for public inspection if the governmental body refuses to request an attorney general's decision as provided by Subchapter G or refuses to supply public information or information that the attorney general has determined is public information that is not excepted from disclosure under Subchapter C"). Nor can one legitimately deny that an equitable action, such as a petition for a writ of mandamus, to force compliance with the statute is available, even if the attorney general issued an advisory opinion indicating that the information was non-disclosable. *B.W.B.*, 2018 Tex. App. LEXIS 223, at *11-12 (holding that the PIA permits a requestor to challenge the accuracy of an attorney general opinion indicating that the documents were not subject to disclosure); *accord Harris Cty. Appraisal Dist. v. Integrity Title Co., LLC,* 483 S.W.3d 62, 67-68 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) (recognizing that a trial court has jurisdiction under § 552.321(a)

to consider whether requested information is subject to disclosure irrespective of whether the Attorney General issued an opinion stating it was not).

Whether the ultra vires exception to sovereign immunity applies here is not something we need to decide. Instead, we recall the long-settled admonition obligating us to liberally construe a pro se's pleadings. *In re A.G.D.*, No. 07-15-00201-CV, 2016 Tex. App. LEXIS 688, at *3 (Tex. App.—Amarillo Jan. 22, 2016, no pet.). Authority also directs us that the substance of what is pled controls, not the label or name appended to the claim. *Tri-State Chems. v. W. Organics*, 83 S.W.3d 189, 194 (Tex. App.—Amarillo 2002, pet. denied). The latter is no less true when determining questions of jurisdiction. *See In re Accident Fund Gen. Ins. Co.*, 543 S.W.3d 750, 753 (Tex. 2017) (involving the Worker's Compensation Act and stating "neither a claim's label nor the relief requested is determinative of the jurisdictional inquiry"). And, the combination of these admonishments leads us to the following observations and conclusions.

Admittedly, Conroy mentioned the recovery of damages in his live pleading. Yet, the sum and substance of his multi-paged petition deals with the existence of recordings held by McCraw, the need to obtain them, and the means used to achieve that end. According to the record before us and Conroy's petition, those means included disclosure per a request under the PIA by Conroy's attorney. When McCraw received the request on behalf of the DPS, he sought guidance from the AG. The latter eventually issued its memorandum opinion on the matter. It told the DPS that it (i.e., the AG) "determined that in accordance with section 261.201 of the Family Code, you must withhold the submitted information pursuant to section 552.101 of the Government Code." *See* TEX. GOV'T CODE ANN. § 552.101 (stating that information deemed confidential by law is "excepted" from

disclosure). Given these circumstances, we construe Conroy's petition to be one for a writ of mandamus **per § 552.321 of the Government Code** directing McCraw to release or produce the recordings.[2] And, as previously observed, sovereign immunity does not prevent the district court from entertaining the petition and deciding whether the recordings are disclosable. Indeed, it appears that the trial court intended to do just that when it ordered McCraw to provide the recordings to determine what, if anything, to disclose to Conroy.[3]

Accordingly, the order denying McCraw's plea to the jurisdiction is affirmed except to the extent that it permits Conroy to continue his pursuit of monetary damages against McCraw (in his official capacity) and the DPS. The trial court erred in not dismissing such monetary claim. Thus, we modify the trial court's order to state that Conroy's claim for monetary damages against McCraw, in his official capacity, and the Texas Department of Public Safety is dismissed for want of jurisdiction and affirm the order in all other respects.

Brian Quinn
Chief Justice

---

[2] Having now construed the proceeding as a suit for writ of mandamus under § 552.321 of the Texas Government Code, we make no comment upon the propriety of its venue. *See* TEX. GOV'T CODE ANN. § 552.321(b) (West 2012) (stating that a suit filed by one requesting information "must be filed in a district court for the county in which the main offices of the governmental body are located").

[3] *See* TEX FAM. CODE ANN. § 261.201 (b) (West Supp. 2018) (granting the trial court authority to determine if the confidential information should be disclosed).