# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-22-00723-CV

---

**Benedict C. Ogbodiegwu, Appellant**

**v.**

**Bryan Daniel, in his Official Capacity; Edward Serna, in his Official Capacity; Isabel Camarilla, in her Official Capacity; J. Tucker, in his Official Capacity; C. Gloria, in his Official Capacity; Texas Workforce Commission; Julian Alvarez, in his Official Capacity; Aaron Demerson, in his Official Capacity; and B. Grayson, in his Official Capacity, Appellees**

---

**FROM THE 425TH JUDICIAL DISTRICT COURT OF WILLIAMSON COUNTY
NO. 22-0929-C425, THE HONORABLE BETSY F. LAMBETH, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

This is a dispute over the Texas Workforce Commission's denial of Benedict C. Ogbodiegwu's application for unemployment benefits. Ogbodiegwu appeals from the trial court's judgment granting the Commission's Rule 91a motion to dismiss and sustaining its plea to the jurisdiction. We affirm.

### BACKGROUND

Ogbodiegwu filed his first claim for unemployment benefits on November 29, 2020. The Commission approved his claim, and he received $535 per month in benefits from November 28, 2020, to November 26, 2021. Ogbodiegwu filed a second claim on November 28, 2021. The Commission denied his claim because Ogbodiegwu's wages in the

previous year did not meet the statutory threshold. *See* Tex. Lab. Code § 207.021(a)(7) (requiring applicant to have made at least "not less than six times the individual's benefit amount" in previous benefit year). Ogbodiegwu challenged the denial using the Commission's internal processes. During those proceedings, Ogbodiegwu requested, pursuant to the Public Information Act (PIA), *see generally* Tex. Gov't Code §§ 552.001–.376, that the Commission supply him with audio recordings of his phone calls with Commission staff and the record of a hearing. According to Ogbodiegwu's pleadings, each request was refused. The Commission ultimately issued a final decision denying Ogbodiegwu's second application.

Ogbodiegwu sued the Commission, the commissioners, and several staff members (collectively, "the Commission"). He sought judicial review of the Commission's decision, *see* Tex. Lab. Code § 212.201 (authorizing aggrieved party to file suit for judicial review of Commission's decision), and money damages for purported violations of the PIA. The Commission filed a Rule 91a motion to dismiss the judicial-review claim and a plea to the jurisdiction on the PIA claim. Following a hearing, the trial court granted the motion to dismiss and sustained the plea. Ogbodiegwu timely appealed.

## DISCUSSION

Ogbodiegwu argues in two issues that the trial court erred by dismissing his claims.[1]

---

[1] As he did in the trial court, Ogbodiegwu appears here pro se. Although we construe pro se pleadings liberally, we hold pro se appellants to the same standards as those represented by counsel. *See Crenshaw v. Thomas*, No. 03-21-00064-CV, 2022 WL 2162933, at *1 n.1 (Tex. App.—Austin June 16, 2022, pet. denied) (mem. op.); *Housing Auth. of City of Austin v. Elbendary*, 581 S.W.3d 488, 491 n.1 (Tex. App.—Austin 2019, no pet.).

**Rule 91a**

First, Ogbodiegwu argues that the trial court erred by granting the Commission's Rule 91a motion to dismiss his suit for judicial review of the denial of his second benefits application.

Rule 91a allows a party to "move to dismiss a cause of action on the grounds that it has no basis in law or fact." Tex. R. Civ. P. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* When ruling on a Rule 91a motion, a trial court "may not consider evidence but 'must decide the motion based solely on the pleading of the cause of action, together with any [permitted] pleading exhibits.'" *In re Farmers Tex. Cnty. Mut. Ins.*, 621 S.W.3d 261, 266 (Tex. 2021) (orig. proceeding) (quoting Tex. R. Civ. P. 91a.1). We review a trial court's ruling on a Rule 91a motion de novo because "whether a defendant is entitled to dismissal under the facts alleged is a legal question." *Id.*

The Labor Code provides that an unemployed individual is eligible to receive benefits if, relevant here, "after the beginning date of the individual's most recent prior benefit year," the individual "earned wages in an amount equal to not less than six times the individual's benefit amount." Tex. Lab. Code § 207.021(a)(7). To be eligible for additional benefits, Ogbodiegwu's wages in the previous benefit year must have been "not less" than six times $535, which is $3,210. The Commission asserted in its motion that nothing in Ogbodiegwu's pleadings or exhibits allege that his wages for the previous year met that threshold. Ogbodiegwu does not address this issue but argues, without citation to authority, that the Commission could not deny his second application after granting his first.

3

We agree with the Commission. Nothing in Ogbodiegwu's pleadings allege that he earned any wages in the previous benefit year. In fact, Ogbodiegwu challenged the Commission's initial findings that he earned $2,646 in the previous year working for a construction company, arguing that this payment was "a refund for [his] medical insurance" from a previous employer. The Commission ultimately agreed, stating in its final decision that he earned no wages during the previous benefit year. We conclude the trial court did not err in granting the motion to dismiss because Ogbodiegwu's allegations, taken as true, do not entitle him to the relief sought. *See* Tex. R. Civ. P. 91a.1. We overrule Ogbodiegwu's first issue.

**Plea to the Jurisdiction**

Ogbodiegwu next argues that the trial court erred by sustaining the Commission's plea to the jurisdiction asserting that sovereign immunity barred his claims for violation of the PIA.

The State of Texas and its agencies, including the Commission, "retain sovereign immunity from suit unless the Legislature clearly and unambiguously waives it." *See Christ v. Texas Dep't of Transp.*, 664 S.W.3d 82, 86 (Tex. 2023), *reh'g denied* (May 5, 2023).[2] Because sovereign immunity "implicates a trial court's subject-matter jurisdiction, it is properly asserted in a plea to the jurisdiction." *Id.* When a government entity challenges jurisdiction on

---

[2] Ogbodiegwu also sued the commissioners and employees of the Commission in their official capacities. The Commission's immunity as a state agency "extends to its officials who act consistently with the law but not to those who act ultra vires—that is, 'without legal authority or [by] fail[ing] to perform a purely ministerial act.'" *Van Boven v. Freshour*, 659 S.W.3d 396, 401–02 (Tex. 2022) (quoting *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009) (footnotes omitted)). An ultra vires claim "must be brought against government officials in their official capacity and may seek only prospective injunctive remedies." *Chambers-Liberty Cntys. Navigation Dist. v. State*, 575 S.W.3d 339, 348 (Tex. 2019). Although Ogbodiegwu sued the individual defendants in their official capacities, he did not assert any ultra vires claims.

4

immunity grounds, the plaintiff has the burden to "affirmatively demonstrate" a valid waiver of immunity. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). In determining whether the plaintiff has met that burden, a court construes the pleadings liberally, takes all factual assertions as true, and looks to the pleader's intent. *Heckman v. Williamson County*, 369 S.W.3d 137, 150 (Tex. 2012). We review the disposition of a plea to the jurisdiction de novo. *Matzen v. McLane*, 659 S.W.3d 381, 388 (Tex. 2021).

The PIA "guarantees access to public information, subject to certain exceptions." *Boeing Co. v. Paxton*, 466 S.W.3d 831, 833 (Tex. 2015) (citing *Texas Dep't of Pub. Safety v. Cox Tex. Newspapers, L.P.*, 343 S.W.3d 112, 114 (Tex. 2011)). To enforce this right of access, the PIA waives immunity and permits a requestor to "file suit for a writ of mandamus compelling a governmental body to make information available for public inspection" when a governmental body: (1) refuses to request a decision of the Attorney General on whether information is public or (2) refuses to supply information that is public or that the Attorney General has determined is public and not within one of the exceptions to disclosure. *See* Tex. Gov't Code § 552.321(a); *Empower Texans, Inc. v. Dallas County*, 648 S.W.3d 664, 671 (Tex. App.—Dallas 2022, pet. denied).

In his pleadings, Ogbodiegwu does not seek mandamus relief to compel the Commission to disclose public information. Instead, he seeks $100,000 for the time spent attempting to obtain the recording he sought and to compensate him for the "mental pains and financial difficulties" caused by the Commission's actions. Although a plaintiff who "substantially prevails" in a suit for writ of mandamus may recover "costs of litigation and reasonable attorney fees," Tex. Gov't Code § 552.323(a), money damages are not available in a mandamus suit seeking documents under Section 552.321, *see City of Houston v. Kallinen*,

5

516 S.W.3d 617, 625 (Tex. App.—Houston [1st Dist.] 2017, no pet.); *Moore v. Collins*, 897 S.W.2d 496, 500 (Tex. App.—Houston [1st Dist.] 1995, no writ) (reaching same conclusion under PIA's predecessor statute). We conclude that Ogbodiegwu has not alleged a valid waiver of immunity for his claims for damages for violations of the PIA.[3]

Generally, we allow parties the opportunity to amend "unless their pleadings demonstrate incurable defects." *Dohlen v. City of San Antonio*, 643 S.W.3d 387, 397 (Tex. 2022). The right to amend "typically arises when the pleadings fail to allege enough jurisdictional facts to demonstrate the trial court's jurisdiction." *Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 559 (Tex. 2016). The jurisdictional bar here does not arise from the lack of factual allegations but from the nature of Ogbodiegwu's claim. To cure the defect here would not entail adding new jurisdictional facts but would essentially require Ogbodiegwu to plead a new claim. "Generally, remand is a mechanism for parties, over whose claims the trial court may have jurisdiction, to plead facts tending to establish that jurisdiction, not for parties, over whose claims the trial court does not have jurisdiction, to plead new claims over which the trial court does have jurisdiction." *Id*. We conclude that Ogbodiegwu is not entitled to an opportunity to replead. *See id.* (refusing opportunity to amend because even if plaintiffs amended their petition, "the true nature of their complaint would not change"); *BCCC Soc. Members Ass'n v. Barton Creek Resort LLC*, No. 03-18-00708-CV, 2020 WL 2990577, at *6 (Tex. App.—Austin June 3, 2020, pet. denied) (mem. op.) ("Remanding the case would serve no

---

[3] Ogbodiegwu states in his live pleading that his claim for damages is "based on" Section 552.353 of the PIA. That statute makes it a misdemeanor offense not to comply with the PIA, providing that "[a]n officer for public information, or the officer's agent, commits an offense if, with criminal negligence, the officer or the officer's agent fails or refuses to give access to, or to permit or provide copying of, public information to a requestor as provided by this chapter." Tex. Gov't Code § 552.353(a). Nothing in Section 552.353 addresses money damages for a violation of the PIA. *See generally id.* § 552.353.

6

legitimate purpose because the Association's pleading defects as to its money damages claim for breach of bylaws cannot be cured and it has not suggested how the jurisdictional defect may be cured for this claim.").

We overrule Ogbodiegwu's second issue.

## CONCLUSION

We affirm the district court's judgment.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Triana and Theofanis

Affirmed

Filed:   May 31, 2023