Martha Hill Jamison, Justice
In the Harris County district court, relator Claudio Lombana brought suit against real parties-in-interest CB&I LLC and Chicago Bridge & Iron Company (collectively CB&I) for breach of Lombana's employment contract and other related claims (the Texas action). When CB&I answered, it moved for a stay of the Texas action pending an alleged appeal of a judgment by a Colombian Labor Court in an action by Lombana against a Colombian subsidiary of CB&I (the Colombian action). On July 18, 2017, the trial court signed an order staying the Texas action.
Lombana filed a petition for writ of mandamus asking this court to compel the trial court to vacate its stay order. See Tex. Gov't Code Ann. § 22.221 ; see also Tex. R. App. P. 52.
*701 We conclude that the trial court abused its discretion by staying the Texas action because the first-filed Colombian action had been adjudicated. We therefore conditionally grant the petition for writ of mandamus.
FACTUAL AND PROCEDURAL BACKGROUND
CB&I hired Lombana as a salaried employee in its Houston office. Lombana was later transferred to Colombia to work for CB&I Colombiana S.A. (Colombiana), a Colombian subsidiary of CB&I.
On September 1, 2015, Lombana filed the Colombian action against Colombiana for breach of Lombana's oral and written employment agreements and other related claims.
On October 15, 2016, Lombana filed the Texas action against CB&I for breach of Lombana's employment contract and other related claims.
On December 6, 2016, the Colombian Labor Court in Cartagena issued a written judgment in the Colombian action that made certain declarations and ordered Colombiana to pay Lombana approximately $14,661.
On April 7, 2017, CB&I filed an answer in the Texas action and a motion to stay the Texas action pending a final decision in the Colombian action. CB&I stated that the Colombian judgment was currently on appeal. CB&I argued that the later-filed Texas action should be stayed based on the principle of comity. On July 18, 2017, the trial signed an order that stayed the Texas action for 90 days or until the final resolution of the parallel Colombian labor proceeding, whichever occurs first.
On October 27, 2017, the trial court held a status conference and signed an order extending the stay for 30 days.[1] The order notes that counsel for CB&I reported that the appeal of the Colombian action is still proceeding, and the order provides that the court will hold another status conference after 30 days to determine if the stay should be extended further.
MANDAMUS STANDARD
To obtain mandamus relief, a relator generally must show both that the trial court clearly abused its discretion and that relator has no adequate remedy by appeal. In re Prudential Ins. Co. , 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. In re Cerberus Capital Mgmt. L.P. , 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). The appellate court reviews the trial court's application of the law de novo. See Walker v. Packer , 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).
Relator has no adequate remedy by appeal because a stay order is not a final judgment that may be appealed. An adequate remedy by appeal does not exist *702 when the plaintiff is effectively denied any other method of challenging the court's action for an indefinite period of time during which the case remains in a suspended state. In re Immobiliere Jeuness Establissement , 422 S.W.3d 909, 914 (Tex. App.-Houston [14th Dist.] 2014, orig. proceeding) ; see also In re Adan , No. 14-11-00382-CV, 2011 WL 3208009, at *4 (Tex. App.-Houston [14th Dist.] July 28, 2011, orig. proceeding) (mem. op.). "Mandamus will lie to compel a trial court to proceed to trial and judgment when the trial court has arbitrarily halted trial proceedings." In re Discovery Operating, Inc. , 216 S.W.3d 898, 905 (Tex. App.-Eastland 2007, orig. proceeding).
ANALYSIS
CB&I moved to stay the later-filed Texas action pending the completion of the alleged appeal in the Colombian action based on the principle of comity. Under the principle of comity, when an action is first filed in another state, the general rule is that Texas courts stay the later-filed action involving the same matter pending "adjudication" of the first action. See In re BP Oil Supply Co. , 317 S.W.3d 915, 919 (Tex. App.-Houston [14th Dist.] 2010, orig. proceeding).[2] This is because, depending on the outcome, the judgment in the first-filed action may be pleaded as a bar to preclude an issue or claim in the second-filed action. See ids="7325598" index="8" url="https://cite.case.law/sw3d/317/915/#p919">id. To obtain a stay of the later-filed action, it is generally necessary that the two suits involve the same cause of action, concern the same subject matter, involve the same issues, and seek the same relief. Id.
Our court, however, need not decide whether the Texas action and the Colombian action concern the same subject matter and issues and seek the same relief because a stay based on the principle of comity is not appropriate when, as here, the first-filed action already has been "adjudicated." Id. ; In re Helix Energy Sols. Group, Inc. , 440 S.W.3d 167, 173 (Tex. App.-Houston [14th Dist.] 2013, orig. proceeding). It appears that CB&I's position is that the first-filed Colombian action has not been adjudicated because, allegedly, the parties' appeal in the Colombian action is still pending.[3] We disagree. Even if an appeal of a judgment is pending, the action has been adjudicated. "[A] judgment is final for the purposes of issue and claim preclusion 'despite the taking of an appeal unless what is called an appeal actually consists of a trial de novo.' " Scurlock Oil Co. v. Smithwick , 724 S.W.2d 1, 6 (Tex. 1986) ; see also Tanox, Inc. v. Akin, Gump, Strauss, Hauer & Feld, L.L.P. , 105 S.W.3d 244, 270 (Tex. App.-Houston [14th Dist.] 2003, pet. denied) (holding arbitration award has preclusive effect even though an appeal of the award is pending).[4] The judgment *703 issued in the Colombian action appears to be a final adjudication that disposes of all parties and claims. CB&I has not established the exception to the rule announced in Scurlock Oil Co. -that the appeal allegedly being pursued in Colombia consists of a trial de novo.
CONCLUSION
We conclude that the trial court clearly abused its discretion by staying the Texas action because the Colombian action already had been adjudicated. We therefore conditionally grant the petition for writ of mandamus and direct the trial court to vacate its order staying the Texas action.
We are confident the trial court will act in accordance with this opinion. The writ of mandamus shall issue only if the trial court fails to do so.

Appellate courts may take judicial notice of facts outside the record to determine their jurisdiction. See Freedom Commc'ns, Inc. v. Coronado , 372 S.W.3d 621, 624 (Tex. 2012). If the trial court had not continued the stay, our jurisdiction over the mandamus would have ended. Although the parties have not provided our court with the order continuing the stay, we took judicial notice of this order which is publicly available on the Harris County District Clerk's website. See Tex. R. Evid. 201(b) ; Lazarides v. Farris , 367 S.W.3d 788, 799 (Tex. App.-Houston [14th Dist.] 2012, no pet.) (taking judicial notice of minutes that are publicly available on the city's website); City of El Paso v. Fox , 458 S.W.3d 66, 71-72 (Tex. App.-El Paso 2014, no pet.) (taking judicial notice of minutes that are publicly available on city's website).

"Adjudge" means "adjudicate" or to "award judicially." Redwine v. Peckinpaugh , 535 S.W.3d 44, 49, No. 12-16-00123-CV, 2017 WL 4161607, at *3, (Tex. App.-Tyler Sept. 20, 2017, no pet. h.) (not yet released for publication) (citing Black's Law Dictionary (10th ed. 2009)); see also Matter of Teal , 16 F.3d 619, 621 (5th Cir. 1994) (concluding that a matter has been "adjudicated" when a judgment of a court of competent jurisdiction has been decreed).

Our record does not contain any evidence that the Colombian action has been appealed and the appeal is still pending. However, we assume so for the sake of argument.

CB&I argues that a stay is appropriate while the alleged appeal is pending in the Colombian action, citing In re State Farm Mut. Auto. Ins. Co. , 192 S.W.3d 897, 901 (Tex. App.-Tyler 2006, no pet.) (holding that the trial court abused its discretion by failing to stay the second-filed action under the principle of comity when the judgment in first-filed action was on appeal). It does not appear that the Tyler Court of Appeals in its decision considered the applicability of the rule announced by the Texas Supreme Court in Scurlock Oil Co. , 724 S.W.2d at 6, that a judgment is final for the purposes of issue and claim preclusion despite the taking of an appeal. We therefore do not follow the Tyler Court's decision.