

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00240-CV

IN RE AMARILLO URGENT CARE, LLC, AND
NAEEM KHAN, M.D., RELATORS

ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

September 24, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., PARKER, J. and HANCOCK, S.J.[1]

Amarillo Urgent Care, LLC, and Naeem Khan, M.D., (Amarillo) petitioned this Court for a writ of mandamus directing the Honorable John Board, 181st District Court, Potter County, to vacate his July 13, 2020 order staying all proceedings in Cause Nos. 109545-B-CV, 109546-E-CV, and 109547-E-CV.[2]  We conditionally grant the petition.

---

[1] Senior Justice Mackey K. Hancock, retired, sitting by assignment.

[2] The trial court also consolidated those cases.  Amarillo does not question the decision to consolidate.

*Background*

The aforementioned cause numbers represent lawsuits commenced by Amarillo against Darrell Kimbrough, MSN, FNP-C, Mary Benard, MSN, FNP-C, and Tina Spohn-Ledford, MSN, FNP-C, respectively. Through each suit, Amarillo pursued claims sounding in breached contract, tortious interference, and breached fiduciary duty. Kimbrough, Benard, and Spohn-Ledford moved the trial court to stay the suits and contended that the actions were filed in retaliation for their pursuing Fair Labor Standards Act (FLSA) claims against Amarillo through a suit pending in the United States District Court for the Northern District of Texas. The trial court granted their motion. In doing so, it ordered that:

> this matter [i.e., Cause No. 109545-B-CV] which now includes Cause No. 109547-E-CV and Cause No. 109546-E-CV is hereby stayed until final resolution, including any rights of appeal, of the claims asserted against Plaintiffs in Case No. 2: 18-cv-00082-Z-BR, Darrell Kimbrough, MSN, FNP-C, et. al, v. Naeem Khan, MD. And Amarillo Urgent Care, LLC, pending in the U.S. District Court for the Northern District of Texas, Amarillo Division ("FLSA Case"). The Court instructs the parties to advise the Court within thirty (30) days of final resolution of the pending FLSA Case.

*Analysis*

As we all know, a petition for writ of mandamus is one seeking extraordinary equitable relief. Specific criteria must be established before that relief issues. Those criteria are 1) a clear abuse of discretion on the part of the trial court and 2) the lack of an adequate legal remedy. *See In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). A clear abuse of discretion arises when the trial court "'reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" *Id.* (quoting *Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992) (orig. proceeding)). For instance, the failure to analyze or correctly apply the law constitutes

2

such an abuse. *See In re M-I L.L.C.*, 505 S.W.3d 569, 574 (Tex. 2016) (orig. proceeding). As for the absence of an adequate legal remedy, an appellate court's inability to cure the error is an example of same. *See In re Christus Santa Rosa Health Sys.*, 492 S.W.3d at 279.

We address the matter of an inadequate legal remedy first. An adequate legal remedy does not exist when a litigant is effectively denied any means, other than mandamus, of challenging a court's decision to suspend proceedings in a lawsuit for an indefinite period of time. *In re Lombana*, 542 S.W.3d 699, 701–02 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding); *see In re Discovery Operating, Inc.*, 216 S.W.3d 898, 905 (Tex. App.—Eastland 2007, orig. proceeding) (holding that relator had no legal remedy because abatement of proceedings effectively denied it of any other manner of challenging abatement); *accord In re Benge*, No. 13-18-00283-CV, 2018 Tex. App. LEXIS 4981, at *4 (Tex. App.—Corpus Christi July 3, 2018, orig. proceeding) (mem. op.) (stating that an abatement order may be reviewed by petition for writ of mandamus when the abatement is for an indefinite duration).[3]

The order at bar stays proceedings until the "final resolution" of the federal court suit. "Final resolution" includes "any rights of appeal." While "final resolution" of an action in an independent court may suggest some finite time, when that end actually arrives is left to conjecture. It could be within a month, a year, or longer. The end of the stay being

---

[3] Kimbrough and the others attempt to distinguish authority like *Benge* by asserting that the trial court at bar did not abate the proceedings but simply stayed them. We view that as the proverbial "distinction without a difference." Whether deemed abated or stayed, the effect is the same here. Amarillo is barred from undertaking further action. That is what it complains about, and that is what *Benge* and the other authority we cited were addressing. So, like the court in *Lombana*, we see little problem in considering authority involving abatement to the circumstances at bar. *See In re Lombana*, 542 S.W.3d at 702 (wherein the trial court stayed proceedings in one suit pending disposition of an action in a Colombian Labor Court and appellate court nonetheless turned to authority involving abatement to address the request for a writ of mandamus).

unknown, the stay's duration actually is indefinite. *See In re Benge*, 2018 Tex. App. LEXIS 4981, at *6–7 (wherein the trial court ordered the "abatement of the underlying case 'pending the conclusion (by trial or settlement) of cause no. 11466 pending in the Probate Court of De Wittt [sic] County, Texas'" and concluded that "[t]hough the order is not by its technical terms indefinite, the abatement's uncertain termination date causes us to conclude that it was an abuse of discretion"). Thus, under the authorities mentioned above, we conclude that Amarillo lacks means to attack the trial court's decision other than by seeking a writ of mandamus. In short, it has no adequate legal remedy.

As for the matter of abused discretion, Kimbrough and the others pursued suspension of the suits because they were purportedly instances of retaliation. They based their argument upon *Martinez v. Deaf Smith County Grain Processors, Inc.*, 583 F. Supp. 1200 (N.D. Tex. 1984), and Judge Robinson's discussion of retaliation found therein. In *Martinez,* the court observed that an employer's initiation of "a lawsuit in state court may be a form of retaliation prohibited under § 15(a)(3) of the Fair Labor Standards Act." *Id.* at 1209. Yet, the jurist did not hold that filing such a suit "is" prohibited retaliation. Rather, she mentioned a test used to determine when it was. Additionally, that test contained two elements. One required evidence of a retaliatory motive while the other demanded the absence of "a reasonable basis in fact and law" underlying the suit. *Id.* at 1210. Because both elements were established in *Martinez*, the trial court decided to enjoin Martinez's former employer from pursuing the state court breach of contract/fraud suit filed against Martinez after the latter commenced his FLSA suit in federal court. Such was within the realm of "equitable relief" allowed when an employer was found to have committed an act of retaliation. *See id.* at 1210–11 (quoting 29 U.S.C. § 216(b), which

4

provides that the any employer who violated the statute "shall be liable for such legal and equitable relief as may be appropriate").

We do not question the validity of the federal trial court's analysis in *Martinez*. Yet, there are material differences between the circumstances there and those before the 181st District Court and us here. First, and most obvious, is the circumstance of a federal court utilizing an injunction as a component of relief upon finding the commission of a retaliatory act prohibited by the FLSA. Here, we have no federal court enjoining Amarillo from pursuing the state suits. Nor do we have a finding by a federal court that Amarillo engaged in a prohibited act of retaliation under FLSA. Instead, we have before us a request by Kimbrough and the others to bar Amarillo from litigating claims based upon Texas law while their FLSA suit proceeds down the federal road to possible relief. They attempt to take the square peg of injunctive relief available upon proving a violation of the FLSA and place it in the round hole of a stay pending the possibility of obtaining favorable relief from a federal court.

Second, and equally obvious, is the absence of any attempt by Kimbrough and the other employees to address the second element of the test used to determine whether an act was retaliatory. Their attack both below and here merely focused on the first element, that is, retaliatory motive. No effort was made to show that Amarillo's state court actions lacked reasonable basis in law or fact. So, even assuming *arguendo* that equitable remedies granted a federal court to redress violations of the FLSA may be used by a state court to indefinitely stay an action pending before it, Kimbrough and the others failed to satisfy the elements triggering the availability of those remedies.

Kimbrough and the others did not urge the trial court to stay proceeding on the grounds of comity. Nor did they invoke the doctrine of comity in response to the petition for writ of mandamus and as a means of insulating the trial court's decision from attack. Therefore, we do not consider it. Nor did they request the federal court to stay the state actions because they purportedly were an act of retaliation. Instead, the three turned to injunctive relief available to remedy a violation of the FLSA, remodeled that relief to fit their purpose, and offered it to the trial court as basis to issue a stay. Yet, we find ourselves guided by that old adage about the good for the goose being the good for the gander. In other words, one attempting to morph federal remedies to fit state court purposes should also have to satisfy the prerequisites for obtaining those remedies. Kimbrough and the others failed in that regard. They did not satisfy the prerequisites to securing the relief discussed in *Martinez* and afforded to those found to have suffered retaliation. So, in being induced to nonetheless grant the stay, the trial court clearly abused its discretion.

Amarillo established a clear abuse of discretion and an absence of adequate legal remedy. Thus, we conditionally issue a writ of mandamus. Should the trial court fail to vacate its July 13, 2020 order staying prosecution of cause numbers 109545-B-CV, 109546-E-CV, and 109547-E-CV on or before October 22, 2020, we will issue the requested writ directing it to do so.

Brian Quinn
Chief Justice

6