Opinion issued May 11, 2023



In The

# Court of Appeals

For The

## First District of Texas

———————————

### NO. 01-21-00583-CV

———————————

**LEROY GREER, Appellant**

**V.**

**HONORABLE GARY D. JANSSEN, Appellee**

---

**On Appeal from the County Court at Law No. 3**
**Fort Bend County, Texas**
**Trial Court Case No. 21-CCV-069521**

---

### MEMORANDUM OPINION

Appellant Leroy Greer appeals from the county court's dismissal of his petition for writ of mandamus. In a single issue on appeal, Greer argues that the

county court erred by dismissing his petition because the case is not moot. Because the case has become moot, we dismiss for lack of subject-matter jurisdiction.

## Background

In May 2021, JP Morgan Mortgage Acquisition Corp. ("JP Morgan") obtained a judgment against Greer and others in Fort Bend County Justice Court for possession of certain real property in Fort Bend County.[1] The judgment set an appeal bond in the amount of $12,000. *See* TEX. R. CIV. P. 510.9(b). The parties agree that Greer timely filed an appeal bond, thereby perfecting his appeal of the justice court's judgment to county court.[2] *See* TEX. R. CIV. P. 510.9(a). Once a party perfects an appeal from a justice court's judgment, the justice court loses plenary power over the proceeding, and the court must stay all proceedings and send certain documents comprising the record of the proceedings to the clerk of the county court. TEX. R. CIV. P. 507.1, 510.10(a).

After Greer perfected his appeal from the justice court's judgment, the justice court continued holding hearings and issuing other orders in the case. Nearly two

---

[1]  JP Morgan is the real party in interest in the underlying mandamus proceeding, but it did not participate in that proceeding or file a brief in this appeal. The Honorable Gary D. Janssen, who presided over the eviction proceeding in justice court, is the respondent in the mandamus proceeding and filed a brief on appeal. The relators are Leroy Greer, Bernice Greer, and all other occupants of the subject property. Only Leroy Greer filed a notice of appeal and an appellate brief.

[2]  Some disputes arose over the filing of this bond, but the parties agree that the dispute was resolved and Greer timely filed the appeal bond.

2

months after the court entered the judgment and Greer perfected an appeal from it, the justice court issued a writ of possession to JP Morgan for the subject property, which resulted in a constable serving Greer with a notice of eviction from the property. *See* TEX. PROP. CODE § 24.0061(a), (d). Greer requested that the justice court vacate this order, but the court initially declined to do so. The justice court also delayed sending the record of the eviction proceeding to the county clerk, which consequently delayed the docketing of Greer's appeal in the county court. *See* TEX. R. CIV. P. 510.10(a), (b). Greer thus faced imminent eviction pursuant to a justice court judgment from which he had timely perfected an appeal, but he could not seek relief from a reviewing court because the appeal had not been docketed and assigned to a court.

Greer filed a writ of mandamus in county court (the "mandamus court"). He argued that the justice court did not comply with Rule of Civil Procedure 510.10 because, after his appeal was perfected, the court did not stay all proceedings and "immediately send" the record of the eviction proceeding to the clerk of the county court. *See* TEX. R. CIV. P. 510.10(a). Greer primarily sought to compel the justice court to vacate the writ of possession, but he also sought to compel the court to send the record to the clerk of the county court. Greer supported his mandamus petition with copies of the justice court's judgment, the justice court's writ of possession, the constable's eviction notice, the notice of appeal, the appeal bond, and an emergency

3

motion requesting that the justice court vacate its writ of possession. The record indicates that the justice court did not rule on this emergency motion.

Greer also filed an emergency motion in the mandamus proceeding requesting a stay of the justice court's writ of possession. The mandamus court granted the emergency motion and stayed enforcement of the writ of possession.

Before the court ruled on the mandamus petition, Judge Gary Janssen, who presided over the justice court eviction proceeding, filed a motion to dismiss the petition. According to the motion, the mandamus proceeding had become moot because, after Greer filed the mandamus petition, the justice court signed an order "recall[ing]" the writ of possession and "direct[ing] the file to be forwarded to the Fort Bend County Clerk, for further proceedings." The motion attached a copy of this order.

After a hearing on Judge Janssen's motion, the mandamus court granted the motion and dismissed the mandamus petition. The court also entered written findings of fact and conclusions of law. Concerning the mootness issue, the court concluded that the mandamus proceeding was rendered moot by the justice court's subsequent order vacating the writ of possession and directing that the record of the eviction proceeding be forwarded to the county court. This appeal followed.

4

**Mandamus**

On appeal, Greer challenges the county court's order granting Judge Janssen's motion to dismiss and dismissing the petition for writ of mandamus on the ground that the mandamus proceeding was moot. After Greer filed the mandamus petition seeking to compel the justice court to vacate the writ of possession and transmit the record of the eviction proceeding to the county clerk, the presiding justice court judge, Judge Janssen, entered an order purporting to grant Greer the relief he sought by mandamus. Judge Janssen then moved to dismiss the mandamus petition on the sole ground that his subsequent order had mooted the mandamus proceeding.

Greer argues on appeal, however, that the justice court lacked plenary power to enter this order because it was entered after he perfected his appeal to the county court, thereby rendering the order void. According to Greer, mandamus is the proper vehicle to vest plenary power back in the justice court to reenter the void order affording him the mandamus relief he requested. Greer thus contends that the case is not moot.

"A case becomes moot when there ceases to be a justiciable controversy between the parties or when the parties cease to have 'a legally cognizable interest in the outcome.'" *State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018) (quoting *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001)). In other words, "a case is moot

when the court's action on the merits cannot affect the parties' rights or interests." *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012).

A case can be moot upon its filing or at any time during the pendency of the litigation, including on appeal. *Harper*, 562 S.W.3d at 6. When a case becomes moot, the court loses jurisdiction to decide the case because any decision would constitute an impermissible advisory opinion. *Id.*; *Heckman*, 369 S.W.3d at 162. Once a case becomes moot, the court must vacate any order or judgment previously issued and dismiss the case for want of jurisdiction. *Heckman*, 369 S.W.3d at 162. Mootness is a question of law that we review de novo. *Id.* at 150.

Greer's challenge on appeal concerns the process of appealing a justice court's forcible detainer judgment and the effect of an appeal on the justice court's plenary power. Within five days after a forcible detainer judgment is signed, a party may appeal the judgment by filing a bond, cash deposit, or statement of inability to afford court costs with the justice court. *See* TEX. R. CIV. P. 510.9(a). The appeal is to the county court, which does not sit as a true appellate court but instead conducts a "trial de novo [which] is a new trial in which the entire case is presented as if there had been no previous trial." TEX. R. CIV. P. 510.10(c); *see Triple Crown Moving & Storage, LLC v. Ackerman*, 632 S.W.3d 626, 636 (Tex. App.—El Paso 2020, no pet.) ("[B]ecause of the de novo nature of the proceedings, a county court does not sit as a true appellate court, and does not review the justice court's decision for legal

errors; instead, it tries the case for itself as if no ruling had ever been made in the justice court.").

The appeal from the justice court's judgment is perfected when the bond, cash deposit, or statement of inability to pay is filed. TEX. R. CIV. P. 510.9(f). Once the appeal is perfected, the justice court loses plenary power over the case. TEX. R. CIV. P. 507.1. "[T]he judge must stay all further proceedings on the judgment and must immediately send to the clerk of the county court" certified copies of all docket entries, the bill of costs, and the original papers in the case, as well as any money in the court registry. TEX. R. CIV. P. 510.10(a). The county clerk must docket the case and immediately notify the parties of the date it received the transcript and the docket number. TEX. R. CIV. P. 510.10(b).

Here, Greer perfected an appeal from the eviction judgment by timely filing an appeal bond. However, the justice court delayed sending the record of the eviction proceeding to the county clerk, which in turn delayed the county court's docketing of Greer's appeal. During this delay, the justice court entered a writ of possession, and a constable served Greer with a notice of impending eviction from the subject property. After unsuccessfully urging the justice court to vacate the writ of possession, Greer filed the underlying mandamus proceeding seeking an order compelling the justice court to comply with Rule 510.10(a) by vacating the writ of possession and sending the record of the eviction proceeding to the county clerk.

7

After Greer filed the mandamus petition, the justice court entered an order vacating the writ of possession and directing transmittal of the record of the eviction proceeding to the county clerk for purposes of Greer's appeal of the forcible detainer judgment. Judge Janssen, who issued the order as the presiding justice court judge, relied on his own order in seeking dismissal of Greer's mandamus petition on the ground that the order rendered the mandamus petition moot. The mandamus court granted the motion and dismissed Greer's petition, stating in separate findings of fact and conclusions of law that "this mandamus proceeding was rendered moot due to lack of a justiciable controversy" after the justice court entered the order vacating the writ of possession and directing that the record be sent to the county clerk.

We agree with Greer that the justice court lacked jurisdiction to enter the order purporting to vacate the writ of possession and transmit the record of the eviction proceeding to the county clerk. "A justice court loses plenary power over a case when an appeal is perfected . . . ." TEX. R. CIV. P. 507.1; *see also* TEX. R. CIV. P. 510.10(a) (providing that "when an appeal has been perfected" in eviction case in justice court, "the judge must stay all further proceedings on the judgment"). After Greer perfected the appeal of the justice court's forcible detainer judgment, the justice court lost plenary power to enter further orders, including the writ of possession and the subsequent order vacating the writ and directing transmittal of the eviction record to the clerk of the county court. A judicial action taken by a court

8

after losing plenary power is void. *Villalon v. Bank One*, 176 S.W.3d 66, 69 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (stating that judgment is void when court lacked jurisdiction to render judgment); *Bass v. Bass*, 106 S.W.3d 311, 318 (Tex. App.—Houston [1st Dist.] 2003, no pet.). We conclude that the justice court's writ of possession and its subsequent order vacating the writ and directing the transmission of the record of the eviction proceeding to the county clerk were void for lack of plenary power. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam) ("We declare the order appealed from void because it was signed after the district court's plenary jurisdiction expired."); *Bass*, 106 S.W.3d at 318 (stating that appellate court may "declare void any orders the trial court signed after losing plenary power over the case").

Generally, mandamus relief is appropriate when a court issues an order after its plenary power has expired. *In re Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020) (orig. proceeding) (per curiam); *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68 (Tex. 2008) (orig. proceeding). Therefore, Greer properly sought mandamus relief from the justice court's void orders.

Mandamus was also appropriate to compel the justice court to transmit the record of the proceeding to the clerk of the county court. Rule 510.10(a) requires that the justice court, upon perfection of an appeal, "must immediately send" certain specified documents and any money in the court's registry to the clerk of the county

9

court.[3] TEX. R. CIV. P. 510.10(a). This act is ministerial because "the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion." *Schroeder v. Escalera Ranch Owners' Ass'n*, 646 S.W.3d 329, 333 (Tex. 2022) (quoting *Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991)). Mandamus is the proper remedy to compel the performance of a ministerial act or duty. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Therefore, to the extent the justice court did not "immediately send" the record of the eviction proceeding to the county clerk as required by Rule 510.10(a), mandamus was the proper remedy to compel this ministerial act. *See* TEX. R. CIV. P. 510.10(a); *Walker*, 827 S.W.2d at 839.

Subsequent events, however, have rendered this case moot. Judge Janssen filed an appellate brief in this appeal, and he raised an alternative basis for mootness

---

[3]  Greer appears to argue on appeal that this rule requires the justice court to send the record by written order and to do so while the justice court retains plenary power. By its plain language, however, Rule 510.10(a) does not require the justice court to transmit the record by written order. TEX. R. CIV. P. 510.10(a). It simply provides that the "*judge* . . . must immediately send" the record to the clerk of the county court. *Id.* (emphasis added). Furthermore, the justice court cannot always send the record while it retains plenary power because the action that triggers the duty to send the record—perfection of an appeal—is the same action that simultaneously deprives the justice court of its plenary power. TEX. R. CIV. P. 507.1 ("A justice court loses plenary power over a case when an appeal is perfected[.]"); TEX. R. CIV. P. 510.10(a) (stating that "when an appeal has been perfected, the judge . . . must immediately send" the record of eviction proceeding). Therefore, we disagree with Greer that the justice court is required to send the record by written order prior to its plenary power expiring. Rather, the court "must immediately send" the record upon perfection of the appeal. *See* TEX. R. CIV. P. 510.10(a).

for the first time: Greer's appeal of the justice court's judgment was eventually docketed and assigned to a county court, the county court reached a final judgment after a trial de novo that awarded possession of the subject property to JP Morgan, and Greer has directly appealed that judgment to our sister Houston Court of Appeals. *See Harrison v. Reiner*, 607 S.W.3d 450, 458 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (stating that jurisdictional challenges, including mootness, may be raised for first time on appeal).

As support for this contention that the appeal has subsequently become moot, Judge Janssen attached an appendix to his brief containing copies of the county court's final judgment and Greer's appellate brief filed in the direct appeal of the judgment to the Fourteenth Court of Appeals. Although Judge Janssen relies on these documents, they are not included in the appellate record and Judge Janssen does not specifically request that the Court take judicial notice of the documents.

Generally, appellate courts may not consider documents outside the record on appeal even if they are included in an appendix to an appellate brief. *Dauz v. Valdez*, 571 S.W.3d 795, 811 (Tex. App.—Houston [1st Dist.] 2018, no pet.) ("We cannot consider documents outside the record" on appeal even if document is appended to appellate brief). Appellate courts may, however, take judicial notice of facts outside the record when necessary to determine jurisdiction over an appeal. *See* TEX. R. EVID. 201(d); *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623–24 (Tex.

11

2012) (per curiam) (taking judicial notice of plea agreement entered in federal court, which was not contained in appellate record, because agreement was relevant to jurisdictional issue); *In re Lombana*, 542 S.W.3d 699, 701 n.1 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (taking judicial notice of order that is publicly available on district clerk's website). Because the issue of mootness implicates subject-matter jurisdiction, we may take judicial notice of facts outside the record in determining whether the case is moot. *See Freedom Commc'ns*, 372 S.W.3d at 624. And we may do so sua sponte. *See* TEX. R. EVID. 201(c)(1); *see Graves v. Diehl*, No. 01-00-00412-CV, 2006 WL 1699527, at *1 n.1 (Tex. App.—Houston [1st Dist.] June 22, 2006, pet. denied) (mem. op.) ("Though the Diehls have not requested us to take judicial notice of the records from the bankruptcy proceeding, we may do so sua sponte.").

For a fact to be the proper subject of judicial notice, the fact must not be subject to reasonable dispute because it is either generally known within the court's territorial jurisdiction or it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. TEX. R. EVID. 201(b); *see Freedom Commc'ns*, 372 S.W.3d at 623; *see also Perez v. Williams*, 474 S.W.3d 408, 419 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (stating that although court can judicially notice existence of certain documents, it may not judicially notice truth of factual statements and allegations in pleadings, affidavits, or other documents).

Judge Janssen relies on records from another domestic court, specifically a trial court judgment and an appellate brief on direct appeal from that judgment. These documents are not, however, authenticated or certified, which is generally required before a court may take judicial notice of another court's records. *See Perez*, 474 S.W.3d at 419–20 (concluding that trial court did not err in refusing to take judicial notice of unauthenticated or uncertified documents filed in another court). Despite the lack of authentication or certification, however, our review of the documents indicates that they are not subject to reasonable dispute because their accuracy cannot reasonably be questioned. *See* TEX. R. EVID. 201(b)(2); *Freedom Commc'ns*, 372 S.W.3d at 623.

For example, the records are file-stamped and publicly available on the respective county clerk and appellate court websites. *See Freedom Commc'ns*, 372 S.W.3d at 623–24; *In re Lombana*, 542 S.W.3d at 701 n.1; *In re Risner*, No. 01-14-00497-CV, 2014 WL 3002178, at *1 (Tex. App.—Houston [1st Dist.] June 27, 2014, orig. proceeding) (mem. op.) (per curiam) (judicially noticing information available on Harris County Clerk's election division website where information was relevant to issue of jurisdiction and was capable of accurate and ready determination by resort to Harris County Clerk's website). Greer did not object to Judge Janssen's reliance on these documents on appeal. Nor does Greer dispute that the documents are authentic, his appeal of the eviction judgment at issue in this case was eventually

13

docketed in the county court, that appeal reached a final decision on the merits after a trial de novo, and he has directly appealed that judgment. *See Stephens v. LNV Corp.*, 488 S.W.3d 366, 373 (Tex. App.—El Paso 2015, no pet.) (judicially noticing file-stamped federal pleading because it is readily verifiable as public federal record and opposing party did not object to document). We therefore take judicial notice of these documents. *See* TEX. R. EVID. 201; *Freedom Commc'ns*, 372 S.W.3d at 623–24.

These documents show that, while this appeal of the mandamus dismissal has been pending, Greer's appeal of the underlying eviction judgment entered by the justice court was eventually docketed in county court and has reached a final judgment after a trial de novo. As stated above, the appeal to county court was by trial de novo, which is "a new trial in which the entire case is presented as if there had been no previous trial." TEX. R. CIV. P. 510.10(c). It is well-settled that "[o]nce an appeal is perfected from a justice court to a county court at law for trial de novo, the judgment of the justice court is annulled and vacated." *Praise Deliverance Church v. Jelinis, LLC*, 536 S.W.3d 849, 855 (Tex. App.—Houston [1st Dist.] 2017, pet. denied); *Villalon*, 176 S.W.3d at 69–70. Thus, the justice court judgment awarding possession of the subject property to JP Morgan was annulled and vacated when Greer perfected the appeal from the judgment.

14

Furthermore, by perfecting the appeal and receiving a trial de novo in county court, the issue concerning the writ of possession in the justice court is rendered moot. *See Laguan v. U.S. Bank Tr.*, No. 14-14-00577-CV, 2016 WL 750172, at *1 (Tex. App.—Houston [14th Dist.] Feb. 25, 2016, no pet.) (mem. op.) (holding that party's complaint that justice court violated due process rights was mooted when party perfected appeal to county court, which vacated and annulled justice court's judgment, and party received trial de novo in county court). Compelling the justice court to vacate the writ of possession would have no legal effect upon Greer's rights or interest in possession of the subject property in light of the county court's final judgment after a trial de novo. *See Harper*, 562 S.W.3d at 6 (stating that case becomes moot when parties cease to have legally cognizable interest in outcome); *Heckman*, 369 S.W.3d at 162 (stating that case is moot when court's action on merits cannot affect parties' rights or interests); *City of Houston v. Kallinen*, 516 S.W.3d 617, 622 (Tex. App.—Houston [1st Dist.] 2017, no pet.) ("The same is true [a case becomes moot] if a judgment would not have any practical legal effect upon a then-existing controversy."). We therefore conclude that this issue has become moot.

Similarly, the issue concerning transmittal of the record of the eviction proceeding has become moot. Once an appeal has been perfected, the judge of the justice court "must immediately send" certified copies of all docket entries, the bill of costs, and the original papers as well as any money in the court registry to the

15

clerk of the county court. TEX. R. CIV. P. 510.10(a). Presumably, the justice court eventually complied with this provision because a county court tried the case de novo and reached a judgment, which Greer has directly appealed. *See* TEX. R. CIV. P. 510.10(b). Indeed, Greer argues on appeal that the record was not sent "initially," which implies that the record was sent eventually.

Furthermore, Greer does not point to any argument or evidence that he was prohibited from relying upon in the county court's trial de novo due to a lack of a record from the justice court proceeding. In any event, considering that the county court has already reached a final judgment in the forcible detainer appeal, an order compelling the justice court to send the record of the eviction proceeding to the clerk of the county court would not affect Greer's rights or interest in possession of the subject property. *See Harper*, 562 S.W.3d at 6; *Heckman*, 369 S.W.3d at 162. We therefore conclude that this issue has also become moot.

We overrule Greer's sole issue on appeal.

## Conclusion

Because the case has become moot, we dismiss the appeal for want of jurisdiction.

April L. Farris
Justice

Panel consists of Justices Kelly, Farris, and Radack.[4]

---

[4] The Honorable Sherry Radack, Senior Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.