Opinion issued November 30, 2023



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-22-00476-CV

_____

**KEITH E. ROYSTON, Appellant**

**V.**

**HARRIS COUNTY, Appellee**

---

**On Appeal from the 133rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-20543**

---

## MEMORANDUM OPINION

This appeal arises out of a workers' compensation benefits dispute between an injured employee, pro se appellant Keith E. Royston, and his self-insured employer, appellee Harris County. The trial court rendered a final judgment for

Harris County. In two issues on appeal, Royston contends the trial court erred in rendering judgment against him. We affirm.

## Background

While at work on January 19, 2017, Royston, a deputy sheriff for Harris County, slipped and fell down some stairs, injuring his left leg, left arm, and neck. Royston had surgery on his left knee and received physical therapy. Some months later, Royston underwent a functional capacity evaluation (FCE) to assess his physical abilities. Royston claims that, while walking on the treadmill during the FCE, he suffered a right calf strain and right knee effusion, and that he is eligible for workers' compensation benefits for these "follow-on injuries."

Harris County disputed that Royston's compensable injury extended to and included the right calf strain and right knee effusion. After Royston and Harris County were unable to reach an agreement at a benefit review conference, the matter was set for a contested case hearing with the Division of Workers' Compensation (DWC). At the contested case hearing, the parties stipulated that Royston had sustained a compensable injury which extended to and included cervical strain and injuries to the left side of his body: a left knee medial meniscus tear, left shoulder strain, and left knee sprain. But there was no stipulation on the right calf strain and right knee effusion. The hearing officer issued a Decision and Order, concluding:

- Royston's compensable injury extended to and included the right calf strain and right knee effusion;[1]

- Royston reached maximum medical improvement on November 7, 2017;

- Royston's impairment rating was one percent; and

- Royston did not have disability resulting from the compensable injury from October 2, 2017 through October 17, 2017.

After a review by the DWC appeals panel, the hearing officer's Decision and Order became final.

Both Royston and Harris County sought judicial review of some of the hearing officer's findings and conclusions. Their two appeals were assigned to different Harris County courts under different cause numbers. Royston's appeal—challenging, among other things, whether he had reached maximum medical improvement and his impairment rating—was assigned to the 133rd District Court under Cause No. 2019-20543 ("20543 appeal"). Harris County's appeal—challenging the extent of the compensable injury, specifically, the right calf strain and right knee effusion—was assigned to the 333rd District Court under Cause No. 2019-20700 ("20700 appeal").

---

[1]  The doctor designated by the DWC to determine the extent of Royston's injury opined that compensable injury was a substantial factor in bringing about the conditions of a right calf strain and a right knee effusion because "the non-traumatic exercise of the right knee on the treadmill [at the FCE] resulted in substantial forces in the mechanism of injury" and "this stress translated to the right lower extremity." The hearing officer found that the preponderance of the evidence was not contrary to the doctor's determination.

The parties jointly moved to consolidate the two appeals. The judge of the 133rd District Court granted the motion, ordering that Royston's 20543 appeal be "consolidated into" Harris County's 20700 appeal in the 333rd District Court. But the appellate record does not reflect that the consolidation was achieved in the 333rd District Court. Instead, sometime later, Harris County's 20700 appeal was transferred to the 133rd District Court, where the Royston's 20543 appeal was still pending.[2] Pleadings, motions, and orders continued to be filed and entered under both cause numbers.

In the 20543 appeal, the parties filed competing dispositive motions.[3] Royston moved for a no-evidence summary judgment on his maximum medical improvement and impairment rating. And Harris County filed a combined plea to the jurisdiction, motion to dismiss, and motion for summary judgment. Harris County's combined motion asserted several arguments, including that:

- To the extent Royston was attempting to raise issues beyond those decided in the contested case hearing, he had not exhausted his administrative remedies and therefore the district court lacked jurisdiction. *See* TEX. LAB.

---

[2] The consolidation order did not include any instructions requiring transfer of the pleadings, motions, and orders from Cause No. 2019-20543 in the 133rd District Court to Cause No. 2019-20700 in the 333rd District Court.

[3] Although the parties seem to agree in their recitations of fact that they filed parallel motions seeking essentially the same relief in the 20700 appeal and that the trial court also rendered a judgment in that case, the 20700 appeal is not before us. Royston perfected an appeal only in the 20543 case. Consequently, it is the only case before us. *See* TEX. R. APP. P. 25.1(a) ("An appeal is perfected when a written notice of appeal is filed with the trial court clerk."), (d) ("The notice of appeal must: (1) identify the trial court and state the case's trial court number and style . . . .").

4

CODE § 410.302(b) (stating that trial de novo "is limited to issues decided by the appeals panel and on which judicial review is sought").

- To the extent Royston was seeking damages arising from common-law or statutory causes of action based on allegations of deception, fraud, misrepresentation, or breaches of the duty of good faith and fair dealing, his claims were not viable because the Texas Workers' Compensation Act provided his exclusive remedy.

- Royston's right calf strain and right knee effusion were not follow-on injuries from his compensable injury because (1) the alleged injuries were to body parts other than the original compensable body parts, (2) after all the treatment for the original claimed injury occurred, (3) was not during treatment for the compensable injury, and (4) did not occur at the worksite.

After a hearing, the district court denied Royston's motion for summary judgment and granted Harris County's combined plea to the jurisdiction, motion to dismiss, and motion for summary judgment.[4] The district court concluded that it did

---

[4] Royston filed his notice of appeal and requested the clerk's record after the district court orally granted Harris County's combined motion at the hearing but before the district court issued its final written order. Thus, the appellate record he requested and that was filed in this Court does not contain the final order. But Harris County has provided a copy in the appendix of its appellate brief, and the final order is publicly available on the Harris County District Clerk's website. Generally, appellate courts may not consider documents outside the record on appeal even if they are included in an appendix to the appellate brief. *Dauz v. Valdez*, 571 S.W.3d 795, 811 (Tex. App.—Houston [1st Dist.] 2018, no pet.). Appellate courts may, however, take judicial notice of facts outside the record to determine their jurisdiction. *See Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 624 (Tex. 2012). And we may do so sua sponte. *See* TEX. R. EVID. 201(c)(1); *see also Graves v. Diehl*, No. 01-00-00412-CV, 2006 WL 1699527, at *1 n.1 (Tex. App.—Houston [1st Dist.] June 22, 2006, pet. denied) (mem. op.). Because the finality of a judgment affects this Court's jurisdiction, we take judicial notice of the final order. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 n.12 (Tex. 2001) (appellate courts generally have jurisdiction only over appeals from final judgments and certain appealable interlocutory orders); *see also In re Lombana*, 542 S.W.3d 699, 701 n.1 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (taking judicial notice of order that was publicly available on district clerk's website).

not have jurisdiction over Royston's claims "except for the allegations related to whether [he] has reached maximum medical improvement; if so, what is his correct impairment rating and whether he has a disability as a result of his compensable injury." On those issues, the district court affirmed the hearing officer's decision. But on the extent of injury, the district court reversed the hearing officer's decision, concluding instead that Royston's "compensable injury was not a substantial factor in bringing about the conditions of a right calf strain and right knee effusion." Royston appealed.

## Briefing Waiver

As an initial matter, we must determine whether Royston has presented anything for our review. Although we liberally construe pro se briefs, we require all litigants to comply with applicable procedural rules. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978) ("There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel.").

The rules of appellate procedure require a party's brief to contain a "clear and concise argument" for the party's contentions and "appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i); *see ERI Consulting Eng'rs,*

*Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010) ("The Texas Rules of Appellate Procedure require adequate briefing."). "This is not done by merely uttering brief conclusory statements, unsupported by legal citations." *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); *see also Yoonessi v. D'Arcy*, No. 05-07-00689-CV, 2008 WL 4981631, at *1 (Tex. App.—Dallas Nov. 25, 2008, pet. denied) (mem. op.) (pro se appellant bears burden of discussing his assertions of error).

"A failure to provide substantive analysis of an issue or cite appropriate authority waives a complaint on appeal." *Hooks v. Brenham Hous. Auth.*, No. 01-17-00602-CV, 2018 WL 6061307, at *2 (Tex. App.—Houston [1st Dist.] Nov. 20, 2018, no pet.) (mem. op.) (collecting waiver cases); *accord Izen v. Comm'n for Law. Discipline*, 322 S.W.3d 308, 326 (Tex. App.—Houston [1st Dist.] 2010, pet. struck) (holding that party waived issue by failing to cite relevant legal authority to support argument); *Murchison v. State*, 93 S.W.3d 239, 254 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) (holding that factual sufficiency point was waived because "appellants' argument, record citations, and authorities do not address" the point).

Here, Royston presents two issues: whether a new trial is required based on (1) the district court's "decision to GRANT [Harris County's motion], while [Harris County is] in violation[] of the [DWC's] Order, DWC rules and [the] Texas Labor

Code[]"; and (2) Harris County's "failure to provide medical evidence from another designated doctor for comparable medically [sic]." As we understand it, the argument section of Royston's brief consists of conclusory assertions, such as that:

- The district court could not grant Harris County dispositive relief while it was "actively in violation" of the hearing officer's Decision and Order and unspecified Texas Labor Code provisions and DWC rules;

- Harris County's jurisdictional and procedural arguments are "a continuation of [Harris County's] violations of the Texas Labor Code;"

- Harris County demonstrates "an aggressively blatant pattern of misbehavior and a total disregard of [his] compensable benefits;"

- Harris County improperly denied workers' compensation benefits in June, July, and August 2018;

- Harris County's failure to request that another doctor examine him after the designated doctor found that his compensable injury extended to a right calf strain and a right knee effusion means the extent of his compensable injury is undisputed; and

- Harris County "engaged in deliberate and passive deception by interchanging [its] creative false narrative, the 'added left knee sprain,' by presenting the 'left knee sprain' to the [hearing officer] as an additional compensable injury for the left side, and yet, denying [his] compensable benefits for the right leg, by deceptively stating the disputed condition, left knee sprain has an [maximum medical improvement] and [impairment rating], and [he] is not eligible for benefits]."

Although some of these assertions are accompanied by citations to the Texas Labor Code, there is no explanation of how the cited Code provisions relate to Royston's argument or other substantive analysis addressing the standards for dismissal or summary judgment or any of the grounds in Harris County's motion as the bases for the district court's ruling against him. *See Richardson v. Marsack*, No.

8

05-18-00087-CV, 2018 WL 4474762, at *1 (Tex. App.—Dallas Sept. 19, 2018, no pet.) (mem. op.) (appellate briefing rules "require appellants to state concisely their complaints, to provide succinct, clear, and accurate arguments for why their complaints have merit in law and fact, [and] to cite legal authority that is applicable to their complaints . . . . The brief fails if we must speculate or guess about the appellant's contentions."); *see also Huey v. Huey*, 200 S.W.3d 851,854 (Tex. App.—Dallas 2006, no pet.) ("We have no duty to brief appellant's issue for [him]. Failure to cite applicable authority or provide substantive analysis waives an issue on appeal.").

Because it would be inappropriate for this Court to speculate about Royston's substantive legal arguments, we find waiver due to inadequate briefing. *See Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (stating that "[i]t would be inappropriate for [appellate] court to speculate as to what appellant may have intended to raise as an error by the trial court on appeal" because doing so forces appellate court to "stray from [its] role as a neutral adjudicator and become an advocate for appellant"). Consequently, nothing is assigned for our review as to the trial court's rulings. *See Guimaraes v. Brann*, 562 S.W.3d 521, 545 (Tex. App.—Houston [1st Dist.] 2018, pet. denied). Royston has therefore waived his two issues on appeal.

## Conclusion

We affirm the trial court's judgment.

Sarah Beth Landau  
Justice

Panel consists of Justices Kelly, Landau, and Farris.