**Opinion issued March 18, 2025**



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-24-01033-CV

_____

## IN RE BRUCE MOLZAN, RELATOR

---

### Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relator, Bruce Molzan, filed a petition for writ of mandamus requesting that this Court vacate the trial court's November 11, 2024 order granting Defendant's Motion To Exclude Witnesses.[1] On January 9, 2025, this Court abated the mandamus to permit the newly elected district judge to reconsider his predecessor's ruling. *See*

---

[1] The underlying case is *Bruce Molzan v. Luis Duno-Gottberg*, cause number 2017-07972, pending in the 215th District Court of Harris County, Texas, the Honorable Nathan Milliron, presiding.

TEX. R. APP. P. 7.2(b). On January 29, 2025, Judge Nathan Milliron vacated the November 11, 2024 order that is the basis of this mandamus and entered an order denying Defendant's Motion to Exclude Witnesses.[2]

Because relator has now received the relief he requested from the trial court, we **reinstate** the original proceeding and **dismiss** the petition for writ of mandamus and any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Gunn and Guiney.

---

[2] Appellate courts may take judicial notice of facts outside the record when necessary to determine jurisdiction. *See* TEX. R. EVID. 201(d); *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623–24 (Tex. 2012) (per curiam) (taking judicial notice of plea agreement entered in federal court, which was not contained in appellate record, because agreement was relevant to jurisdictional issue); *In re Lombana*, 542 S.W.3d 699, 701 n.1 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (taking judicial notice of order that is publicly available on district clerk's website). Because the issue of mootness implicates subject-matter jurisdiction, we may take judicial notice of facts outside the record in determining whether the case is moot. *See Freedom Commc'ns*, 372 S.W.3d at 624. And, we may do so sua sponte. *See* TEX. R. EVID. 201(c)(1); *see Graves v. Diehl*, No. 01-00-00412-CV, 2006 WL 1699527, at *1 n.1 (Tex. App.—Houston [1st Dist.] June 22, 2006, pet. denied) (mem. op.) ("Though [appellees] have not requested us to take judicial notice of the records from the bankruptcy proceeding, we may do so sua sponte.").