**Opinion issued April 4, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

**NO. 01-25-00054-CV**
_____

**IN RE CARL MICHAEL WRIGHT, JR., Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

## MEMORANDUM OPINION

Relator Carl Michael Wright, Jr. has filed a petition for writ of mandamus, requesting that we order the trial court clerk to prepare and send this Court the record relating to appellant's attempted appeal from the trial court's December 9, 2024 order.[1] However, since the date of that order, the trial court has signed a new

---

[1] The underlying case is *Office of the Attorney General v. Carl Michael Wright, Jr.*, cause number 2020-24448, pending in the 257th District Court of Harris County, the Honorable Sandra Peake presiding.

appealable order dated March 11, 2025.[2] *See In re Reardon*, 514 S.W.3d 919, 927-28 (Tex. App.—Fort Worth 2017, orig. proceeding) (holding trial court with continuing jurisdiction in suit affecting parent-child relationship retains jurisdiction to modify previous order pending on appeal). Thus, appellant has an appellate remedy rendering mandamus inappropriate. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (*quoting State v. Walker*, 679 S.W.2d 484, 484 (Tex. 1984) and holding mandamus unavailable if relator has "a clear and adequate remedy at law, such as a normal appeal").

Because relator has an adequate remedy by appeal from the trial court's March 11, 2025 order, we DENY his request for mandamus relief relating to the need for a record from the December 9, 2024 order. If relator wishes to complain about the March 11, 2025 order, he should timely file a new notice of appeal in the trial court. *See* TEX. R. APP. P. 26.1 (providing that notice of appeal must usually be "filed within 30 days after the judgment is signed"); TEX. R. APP. P. 26.3 (providing that appellant may request extension of time to file notice of appeal); and TEX. R. APP. P. 25.1 (providing that appeal is perfected when written notice of

---

[2] Appellate courts may take judicial notice of facts outside the record when necessary to determine jurisdiction. *See* TEX. R. EVID. 201(d); *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623–24 (Tex. 2012) (per curiam) (taking judicial notice of plea agreement entered in federal court, which was not contained in appellate record, because agreement was relevant to jurisdictional issue); *In re Lombana*, 542 S.W.3d 699, 701 n.1 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (taking judicial notice of order that is publicly available on district clerk's website).

appeal is filed with trial court clerk). If relator files such an appeal, "[t]he trial court clerk must immediately deliver a copy of the notice of appeal to the appellate court clerk." TEX. R. APP. P. 25.1(f).

We deny mandamus relief. *See* TEX. R. APP. P. 52.8(a). Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Guerra, Caughey, and Morgan.