**Opinion issued April 30, 2026**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-25-00944-CV
_____

**KENNETH KELLY, Appellant**

**V.**

**TEXAS CENTRAL RAILROAD INFRASTRUCTURE, INC., Appellee**

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1256841**

---

## MEMORANDUM OPINION

This appeal arises from a forcible detainer action brought by appellee Texas Central Railroad Infrastructure, Inc. against appellant Kenneth Kelly. Appellant, proceeding pro se, filed a notice of appeal challenging his absence from a court appearance. After appellant filed his notice of appeal, the trial court signed a final

judgment awarding appellee possession of the subject property ("Property") and attorney's fees.

As a threshold matter, we must consider whether the issue of possession has become moot and thus whether we have subject-matter jurisdiction over this appeal. *Strange v. Deutsche Bank Nat'l Tr. Co. as Tr. for Registered Holders of Long Beach Mortg. Loan Tr. 2004-4, Asset-Backed Certificates, Series 2004-4*, No. 01-23-00575-CV, 2024 WL 1862860, at *3 (Tex. App.—Houston [1st Dist.] Apr. 30, 2024, no pet.) (mem. op.) (appellate courts "lack subject matter jurisdiction to decide a moot controversy"). After eviction, an appeal from a forcible entry and detainer action becomes moot. *Id*. at *2, 5 (holding after eviction, appeal was moot and dismissal warranted because appellate court lacked jurisdiction); *De La Garza v. Riverstone Apartments*, No. 04-06-00732-CV, 2007 WL 3270769, at *1 (Tex. App.—San Antonio Nov. 7, 2007, no pet.) (mem. op.) (same) (citing *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006)).

The record reflects that appellant is no longer in possession of the Property. The "case summary" in the filed clerk's record indicates that the writ of possession has been returned. The County Clerk's website reflects that the writ of possession was executed on September 25, 2025, during which it was discovered that appellant

2

had vacated the Property.[1] *See Holloway v. Revelstoke Venture, LLC*, No. 02-23-00375-CV, 2024 WL 191221, at \*2 (Tex. App.—Fort Worth Jan. 18, 2024, pet. denied) (mem. op.) (dismissing appeal as moot where appellant no longer in possession of property and did not raise meritorious claim of right to possession).

An evicted appellant may still pursue an appeal, however, if he advances "a potentially meritorious claim of right to current, actual possession of the property." *Strange*, 2024 WL 1862860, at \*4; *see also Marshall*, 198 S.W.3d at 787. Appellant has not proffered any right to possession of the Property. On April 17, 2026, we informed appellant that his appeal could be dismissed if he did not, within ten days of our notice, file a response addressing whether the appeal should be dismissed as moot. Appellant has not filed a response.

Because the issue of actual possession is moot and appellant has not raised any potentially meritorious claim, we must dismiss the appeal and vacate the trial court's judgment as to possession. *See Marshall*, 198 S.W.3d at 785 (holding that when appeal of forcible detainer action becomes moot, proper course is to dismiss appeal and vacate lower court's judgment of possession).

Although the issue of possession is moot, the trial court also awarded appellee $1,500 in reasonable and necessary attorneys' fees. A dispute over attorney's fees is

---

[1] Appellate courts may take judicial notice of facts outside the record when necessary to determine jurisdiction. *See* Tex. R. Evid. 201(c)(1), (d); *In re Lombana*, 542 S.W.3d 699, 701 n.1 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (taking judicial notice of order that is publicly available on district clerk's website).

a live controversy that may prevent an entire case from becoming moot. *See Daftary v. Prestonwood Mkt. Square, Ltd.*, 399 S.W.3d 708, 711–12 (Tex. App.—Dallas 2013, pet. denied) (holding that even though issue of possession became moot when appellant vacated property, "entire case was not moot because [appellant's] claims for damages and attorney's fees continued to present live controversies").

This appeal is also dismissed for failure to appeal an appealable order or judgment. *See Baldwin v. Harris Cnty.*, No. 01-19-00235-CV, 2020 WL 2026366, at *1 (Tex. App.—Houston [1st Dist.] Apr. 28, 2020, no pet.) (mem. op.) ("This Court has jurisdiction only over appeals from final judgments and those interlocutory orders specifically authorized by statute."). While the September 10, 2025 final judgment is appealable, appellant's notice of appeal, filed about a week earlier, on September 2, 2025, states that he is appealing "missing [his] court date" because he "never rec[e]ived mail informing [him] of [his] court date and time" and "did not get to present [his] side of the case." On April 17, 2026, we notified Appellant that the challenge to his absence from court is not appealable. To date, Appellant has neither filed an amended notice of appeal nor responded to our notice.

We dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c), 43.2(f). Because the issue of possession is moot, we also vacate the trial court's

judgment in part as to the issue of possession.[2] We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Gunn, Caughey, and Morgan.

---

[2] The remainder of the judgment including the award of attorney's fees shall remain in place.